Jacob GARELICK and Sidney Garelick, co-partners, trading under the firm name of Capitol Automotive Supply Co., Plaintiffs-Appellants,

v.

GOERLICH'S, INC., Defendants-Appellees.

No. 15291.

United States Court of Appeals. Sixth Circuit.

Oct. 30, 1963.

855

William E. Speer, Detroit, Mich., for appellants.

Fred A. Smith, Toledo, Ohio, for appellees, Carolyn J. McNeill, Cobourn, Yager, Smith & Flavey, Toledo, Ohio, on the brief.

Before WEICK, Circuit Judge, TAYLOR, District Judge, and DARR, Senior District Judge.

PER CURIAM.

The lower court sustained defendant-appellee's motion for summary judgment made in plaintiff-appellants' cause of action for treble damages under the antitrust laws [15 U.S.C.A. § 15] upon the ground that the four year statute of limitations [15 U.S.C.A. § 15b] had barred the right to sue. The suit is based on section 1 of the Sherman Act [15 U.S.C.A. § 1].

The uncontroverted proof revealed that prior to October 1956, the plaintiffs-appellants were distributors for the defendant-appellee's products. By letter dated September 4, 1956, defendant-appellee notified plaintiffs-appellants that it would cease doing business with them on October 1, 1956, and did so. This suit was instituted January 17, 1962, more than five years after the receipt of such letter.

Unless some legal reason appears to the contrary, it is obvious that the four year statute of limitations had run at the time this suit was begun. The plaintiffs-appellants so concede.

The plaintiffs-appellants interposed two affidavits stating that two incidents occurred, one in February 1959 and the other in October 1961, which were overt acts and each incident resulted in an accrual of the cause of action. This position would be correct provided that either one or both of the overt acts caused damage to the plaintiffs-appellants. All the authorities are in accord that a right of action for a civil conspiracy under the antitrust laws accrues from the commission of the last overt act causing injury or damage. Suckow Borax Mines Consol. v. Borax Consol., 9 Cir., 185 F.2d 196, certiorari denied 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680, rehearing denied 341 U.S. 912, 71 S.Ct. 620, 95 L.Ed. 1349; Momand v. Universal Film Exchanges, 1 Cir., 172 F.2d 37, certiorari denied 336 U.S. 967, 69 S.Ct. 939, 93 L.Ed. 1118, rehearing de-

856

nied 337 U.S. 934, 69 S.Ct. 1493, 93 L.Ed. 1740; Foster & Kleiser Co. v. Special Site Sign Co., 9 Cir., 85 F.2d 742, certiorari denied 315 U.S. 613, 57 S.Ct. 315, 81 L.Ed. 452; Northern Kentucky Telephone Co. v. Southern Bell Telephone & Telegraph Co., 6 Cir., 73 F.2d 333, 97 A.L.R. 133, certiorari denied 294 U.S. 719, 55 S.Ct. 546, 79 L.Ed. 1251; Steiner v. 20th Century-Fox Film Corp., 9 Cir., 232 F.2d 190.

If the statute of limitations were tolled, or an accrual of a suit set up by an overt act which did not cause damage, " * * * it would effectively destroy the statute of limitations as a statute of peace." Crummer Co. v. Du Pont, 5 Cir., 223 F.2d 238, 248, certiorari denied 350 U.S. 848, 76 S.Ct. 85, 100 L.Ed. 755.

The affidavit as to the incident occurring in February 1959 is to the effect that a representative of plaintiffs-appellants called defendant-appellee and asked to be reinstated as a distributor and the person who answered the telephone said he was sending Mr. Perkins to call on plaintiffs-appellants, but that Perkins never called.

The affidavit concerning the incident of October 1961 states that a representative of the defendant-appellee called on plaintiffs-appellants to sell defendant-appellee's products. Someone speaking for plaintiffs-appellants stated that he was surprised that a representative would seek to sell them as defendant-appellee had refused to sell to plaintiffs-appellants. The salesman said he would take it up with the principal but plaintiffs-appellants heard nothing further.

The conduct on these two occasions might be overt acts but obviously the plaintiffs-appellants were not in anyway injured or damaged thereby. The incidents were simply acts that reflected that defendant-appellee continued in refusing to sell its products to plaintiffs-appellants.

The District Judge's ruling was correct and the judgment is accordingly affirmed.