Jake SHERMAN and Jennie Sherman, co-partners, trading under the firm name of Livernois Auto Parts, Plaintiffs,

v.

GOERLICH'S, INC., an Ohio corporation, and Irving Grand, an individual doing business as Grand Sales Company, jointly, severally and individually, Defendants.

Civ. A. No. 20066.

United States District Court
E. D. Michigan, S. D.
Dec. 13, 1963.

Wm. E. Speer, Detroit, Mich., for plaintiff; Aaron Rosenberg, Detroit, Mich., of counsel.

Cobourn, Yager, Smith & Falvey, Toledo, Ohio, for Goerlich's Inc.

Edward B. Benscoe, Detroit, Mich., for Irving Grand.

TALBOT SMITH, District Judge.

This case is controlled by the recent case of Garelick v. Goerlich's, Inc., (6th Cir. 1963), 323 F.2d 854, hereinafter referred to as the Capitol case.

The Capitol case involved an asserted cause of action for treble damages (15 U.S.C. § 15), based on section 1 of the Sherman Anti-Trust Act (15 U.S.C. § 1). It was alleged under paragraph V of the complaint, entitled "The Combination, Conspiracy and Restraint of Trade," that Goerlich's and the other defendants had entered into contracts, agreements and understandings which plaintiffs' firm, The Capitol Automotive Supply Co., had refused to enter into, as a result of which it was denied the right to purchase Goerlich's products.

The defense interposed (as in the case at bar) was that of the running of the four year statute of limitations (15 U.S.C. § 15b). It appeared in Capitol that plaintiffs were notified by letter dated September 4, 1956, that defendants would cease doing business with them on October 1, 1956, which they did. Suit was instituted January 17, 1962 (more than five years later). The Court of Appeals held that, despite later express or implied refusals by defendant Goerlich's on two occasions, subsequent to the original notice of termination, to reinstate plaintiffs' firm as a distributor, the cause of action was barred by the statute of limitations. With respect to those refusals, it was held that "The conduct on these two occasions might be overt acts but obviously the plaintiffs-appellants were not in anyway injured or damaged thereby. The incidents were simply acts that reflected that defendant-appellee continued in refusing to sell its products to plaintiffs-appellants". 323 F.2d 854, at 856.

This court agrees with the present defendants that the case at bar is in all material aspects identical with the Capitol case. Plaintiffs in Capitol were represented by the same counsel as in the case before the court. Goerlich's, Inc., appears in both cases as a defendant. As in Capitol, the amended complaint in the present case charges a conspiracy by the defendants, resulting in an unreasonable restraint of trade in violation of Section 1 of the Sherman Anti-Trust Act, supra. In the motion presently before the court, as in Capitol, the defense is based upon the four year statute of limitations, supra. In this case, also, as in Capitol, there was a notification, given more than four years before suit was commenced, by Goerlich's (then a partnership) that, unless plaintiffs discontinued certain installation practices, they would be cut off from their supply of Goerlich products. It is not controverted that since February of 1955 Goerlich's has refused to accept present plaintiffs' orders for motor vehicle exhaust systems.

Defendant Goerlich's, Inc., (apparently a purchaser of the Goerlich partnership business) filed a motion for summary judgment, relying, in part, upon the statute of limitations. This having been denied, further discovery was had, pretrial held, permission granted to file an amended complaint, and answer thereto received. Thereafter defendant Goerlich's, Inc., without abandoning its claim that its motion for summary judgment should be granted upon other grounds, filed a renewed motion for summary judgment based upon the defense appearing in its answer to the amended complaint, namely the running of the statute of limitations. As to such defense, defendant asserted there was no genuine issue of material fact and that it was entitled to judgment as a matter of law.

Following argument on the renewed motion for summary judgment, held on July 15, 1962, the court took

the matter under advisement, pending the ruling on appeal with respect to the Capitol case, which case was advanced on the docket of the Court of Appeals upon petition. With respect to the issue before this court, it was made clear in the decision of the Court of Appeals in the Capitol case that acts occurring subsequent to termination of business relationships and in implementation and furtherance thereof ("simply acts that reflected that defendant-appellee continued in refusing to sell its products to plaintiffs-appellants", 323 F.2d 854, at 856.) did not affect the running of the statute of limitations.

Subsequent to the ruling of the Court of Appeals in the Capitol case, plaintiffs filed a supplemental brief, supported by affidavit, with exhibit, purporting to show "evidence of positive action taken by defendant Goerlich's, Inc., to prevent plaintiffs from purchasing its products from third parties", such acts, it being asserted, constituting "overt acts in furtherance of the charged conspiracy". The facts asserted in support thereof allege a certain Noble Sales Company's sale of Goerlich's products to plaintiffs at a price "considerably less" than affiant would have paid to other Goerlich distributors, the subsequent discontinuance of Noble as a distributor for Goerlich's, the refusal of other named distributors of Goerlich's to sell to plaintiffs as a result of Goerlich's prohibition thereof, and the conclusory allegation that the above refusals "caused substantial damage to plaintiffs' business."

 The difficulty with plaintiffs' theory against Goerlich's in this case is precisely that of the Capitol plaintiffs against the same distributor, namely, (in the words of District Judge Kaess in Capitol) that "Whatever injury plaintiffs may have suffered in the recent years results from acts done in 1956 [here in 1955], not from acts done in 1959 and 1961". The gravamen of the present complaint is the conspiratorial cut-off of Goerlich's products. It was prior to March 1, 1955, that Goerlich's, the partnership, refused to accept plaintiffs' orders. Thus any cause of action these plaintiffs may have had as a result of being discontinued as a customer by the partnership in 1955 could have been the basis of litigation instituted against the partnership in March of 1955 or at any time within four years thereafter. It is clear from the Capitol case, as well as others cited therein, that a civil treble damage case under the anti-trust laws accrues at the time of, and the statute of limitations begins to run from, the commission of the overt act alleged to have caused damage to the plaintiffs. Here it was the cut-off of supplies in 1955. A complaint filed in 1960, amended in 1963, comes too late. Any other holding as to the effect of acts subsequent thereto by way of making good the effectiveness of the cut-off "would effectively destroy the statute of limitations as a statute of peace." Crummer Co. v. Du Pont (5th Cir. 1955) 223 F.2d 238, 248, cert. den. 350 U.S. 848, 76 S.Ct. 85, 100 L.Ed. 755, cited in Capitol, supra.

The renewed motion for summary judgment will be granted. An appropriate order may be presented.