**Leonard A. PETO, Plaintiff-Appellant,**

v.

**MADISON SQUARE GARDEN CORP.,** James D. Norris, Ringland F. Kilpatrick, Jr., Executor of the Estate of John Reed Kilpatrick, Edward S. Irish, Arthur M. Wirtz and Walter Annenberg, Defendants-Appellees.

No. 69, Docket 31106.

United States Court of Appeals Second Circuit.

Argued Oct. 6, 1967.

Decided Oct. 27, 1967.

Leonard A. Peto, pro se.

Roy L. Reardon, New York City (John C. Diller, Simpson, Thacher & Bartlett, Emil N. Levin, Abraham L. Bienstock, and Sidney O. Friedman, New York City, on the brief), for appellees.

Before HAYS, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM:

This is an action under the Sherman and Clayton Acts, 15 U.S.C. § 1 et seq., for treble damages. In the district court defendants were granted summary judgment on the ground that plaintiff's claim is barred by the applicable statute of limitations. We affirm.

 Peto instituted this action in March 1958 alleging that defendants have established a monopoly in the professional hockey industry and that they conspired to prevent plaintiff from constructing and operating a hockey arena which would have competed with defendants' enterprises. Section 4B of the Clayton Act, 15 U.S.C. § 15b, bars actions not commenced within four years after the cause of action accrued. A "right of action for a civil conspiracy under the antitrust laws accrues from the commission of the last overt act causing injury or damage." Garelick v. Goerlich's, Inc., 323 F.2d 854, 855 (6th Cir. 1963). In the material submitted in opposition to the motion for summary judgment plaintiff failed to establish that there was any triable issue as to the occurrence within four years of the time the action was commenced of any overt act in furtherance of the alleged conspiracy.

 Plaintiff resorts to the provisions of Section 5(b) of the Clayton Act, 15 U.S.C. § 16(b), in an effort to bring himself within the statutory period of limitation. Under Section 5(b) the statute of limitations is tolled for a private action which is "based in whole or in part on any matter complained of" in a proceeding brought by the United States. Plaintiff cites United States v. International Boxing Club of N. Y. Inc., 150 F.Supp. 397 (S.D.N.Y.1957), aff'd, 358 U.S. 242, 79 S.Ct. 245, 3 L.Ed.2d 270 (1959), as having the effect of tolling the statute applicable to his claim. But the government's suit must bear "a real relation to the private plaintiff's claim for relief." Leh v. General Petroleum Corp., 382 U.S. 54, 59, 86 S.Ct. 203, 15 L.Ed.2d 134 (1965). Comparing the claims asserted in the present case with those asserted in the *International Boxing Club* case, we find that the conspiracies to which they refer are entirely different, involve different sports activities and cover different periods of time. The only similarity between the two actions is found in the fact that some of the defendants are the same. This is obviously insufficient to provide a ground for tolling the statute of limitations.

The judgment is affirmed.