**Delbert R. CROSSWHITE, Appellant,**

v.

**Glenn H. BROWN, Ex Sheriff, Tulsa County, Oklahoma, Appellee.**

**No. 211-69.**

United States Court of Appeals, Tenth Circuit.

April 29, 1970.

---

serving a life sentence for murder, was arrested in Oklahoma during the year 1956 for violation of Oklahoma state laws. While he was in the custody of appellee Brown, Sheriff of Tulsa County, Oklahoma, he was delivered to Missouri authorities and returned to that state for service of his sentence. Oklahoma charges were then dismissed. The basis of Crosswhite's claim here appears to be that in 1956 Brown, acting under color of his office, conspired with the Missouri officials to unlawfully cause his return to Missouri without an extradition hearing in Oklahoma. After return to Missouri, Crosswhite's confinement was solely for service of the existing sentence in that state. This is not a false imprisonment case.

Marshall Quiat, Denver, Colo., for appellant.

No appearance on behalf of appellee.

Before PICKETT, HILL and HICKEY, Circuit Judges.

PER CURIAM.

As we construe the pleadings filed in this case, the purpose is to recover damages for a civil conspiracy under the Civil Rights Act, 42 U.S.C. §§ 1983, 1985.[1] The complaint was filed in the United States District Court for the Northern District of Oklahoma on August 19, 1968, twelve years after the alleged cause of action arose. The trial court held that the action was barred by the two-year Oklahoma statute of limitations and dismissed the action.

The complaint and other relevant material in the record show that appellant Crosswhite, after an escape from a Missouri state prison farm where he was

█ There is no applicable federal statute of limitations relating to civil rights actions brought under Sections 1983 and 1985. The time within which such action must be brought is to be determined by the laws of the state where the cause of action arose. In Wilson v. Hinman, 172 F.2d 914, 915 (10th Cir. 1949), cert. denied, 336 U.S. 970, 69 S.Ct. 933, 93 L.Ed. 1121, reh. denied, 337 U.S. 927, 69 S.Ct. 1164, 93 L.Ed. 1735; 338 U.S. 953, 70 S.Ct. 478, 94 L.Ed. 588, we held that "(t)he time for filing an action under the Civil Rights Act is controlled by the applicable Kansas Statute of Limitations." See also Jones v. Jones, 410 F.2d 365 (7th Cir. 1969); Hileman v. Knable, 391 F.2d 596 (3d Cir. 1968); Mulligan v. Schlachter, 389 F.2d 231 (6th Cir. 1968); Swan v. Board of Higher Education of City of New York, 319 F.2d 56 (2d Cir. 1963); Horn v. Bailie, 309 F.2d 167 (9th Cir. 1962).[2]

█ It is apparent from the complaint that the last overt act of Brown, as Sheriff of Tulsa County, Oklahoma, to

---

1. No other grounds for federal jurisdiction are alleged.

2. The applicable Oklahoma statute, 12 Okl. St.Ann. § 95 (1961), in pertinent part is as follows:
   "Civil actions, other than for recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * * Third. Within two years: * * * (A)n action for injury to the rights of another, not arising on contract, and not hereinafter enumerated * * *."

carry out the alleged conspiracy was the surrender of Crosswhite to Missouri authorities in August of 1956. The statute of limitations began to run from that date. Peto v. Madison Square Garden Corp., 384 F.2d 682 (2d Cir. 1967), cert. denied, 390 U.S. 989, 88 S.Ct. 1185, 19 L.Ed.2d 1293, reh. denied, 390 U.S. 1046, 88 S.Ct. 1634, 20 L.Ed.2d 311; Garelick v. Goerlich's Inc., 323 F.2d 854 (6th Cir. 1963); Baldwin v. Loew's Incorporated, 312 F.2d 387 (7th Cir. 1963); Lambert v. Conrad, 308 F.2d 571 (9th Cir. 1962); Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1959). Whatever cause of action for conspiracy Crosswhite may have had, it was barred by the applicable statute of limitations.

Affirmed.