**Michael D. BURGESS, Plaintiff,**

v.

**Tony G. BRYANT, Defendant.**

**No. CIV–80–415–D.**

United States District Court,
W. D. Oklahoma.

Aug. 6, 1980.

Roger H. Foster, Oklahoma City, Okl., for plaintiff.

Douglas J. Juergens and Jennie Lyn McLean, Norman, Okl., for defendant.

ORDER

DAUGHERTY, Chief Judge.

This is a civil rights action under 42 U.S.C. § 1983 arising out of an alleged assault on Plaintiff by Defendant Tony G. Bryant, a police officer for the City of Norman, Oklahoma, which occurred at the Norman jail subsequent to Plaintiff's arrest by the Defendant. Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendant has filed herein a Motion to Dismiss this action for failure to state a claim upon which relief can be granted. Said Motion is supported by a Brief and Plaintiff has filed a Brief in opposition thereto.

In support of his Motion to Dismiss, Defendant contends that this action is barred

by the applicable statute of limitations. In this connection, Defendant contends that the limitations period provided by the Oklahoma Political Subdivision Tort Claims Act, 51 Okla.Stat.Supp.1979 §§ 151–170,[1] should apply in this case while Plaintiff maintains that the two-year limitations period for tort actions provided by 12 Okla.Stat.1971 § 95 controls.

 As 42 U.S.C. § 1983 does not provide a period of limitations for the cause of action created thereby, federal courts must look to the most nearly analogous state statute of limitations to determine the time within which a cause of action may be commenced. *Crosswhite v. Brown*, 424 F.2d 495 (Tenth Cir. 1970); *Wright v. St. John's Hospital*, 414 F.Supp. 1202 (N.D.Okla.1976); *Seibert v. McCracken*, 387 F.Supp. 275 (E.D. Okla.1974). In this regard, the Court is not persuaded that the limitations provisions of the Oklahoma Political Subdivision Tort Claims Act, *supra*, should apply in this case as Plaintiff is seeking recovery directly against an individual defendant only and not against a political subdivision of the State of Oklahoma. Furthermore, it has been established that the two year limitations period for tort actions provided by 12 Okla.Stat.1971 § 95 is the applicable statute of limitations in actions brought under 42 U.S.C. § 1983. *See Crosswhite v. Brown, supra; Seibert v. McCracken, supra.* As it appears from the record before the Court herein that Plaintiff's cause of action arose on November 27, 1978, and this action was commenced on April 7, 1980, it is obvious that Plaintiff's action is timely. Therefore, the Court finds and concludes that Defendant's Motion to Dismiss should be overruled. Accordingly, Defendant is directed to answer Plaintiff's Complaint within 20 days of this date.

It is so ordered.

---

1. The pertinent sections of said Act are 51 Okla.Stat.Supp.1979 §§ 156 and 157. § 156 provides in pertinent part as follows:

A. Any person having a claim against a political subdivision or an employee within the scope of this act shall petition the political subdivision for any appropriate relief including the award of money damages.

B. A claim against a political subdivision or employee shall be forever barred unless notice thereof is filed with the clerk of the governing body of the political subdivision within one hundred twenty (120) days after the loss occurs.

C. The written notice of claim shall state the time, place and circumstances of the claim and the amount of compensation or other relief demanded. Failure to state either the time, place, circumstances and amount of compensation demanded shall not invalidate the notice unless the claimant declines or refuses to furnish such information within ninety (90) days after demand by the political subdivision. No action for any cause arising under this act shall be maintained unless valid notice has been given and the action is commenced within six (6) months after notification of denial of the claim by the clerk of the political subdivision. The time for giving written notice of claim does not include the time during which the person injured is unable due to incapacitation from the injury to give such notice, not exceeding ninety (90) days of incapacity.

§ 157 provides as follows:

Within ninety (90) days after receiving the filing of a claim, the clerk of the political subdivision shall notify the claimant in writing of the approval or denial of the claim. A claim is denied if the political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the interested parties have reached a settlement before the expiration of that period. A person may not initiate a suit against a political subdivision or employee whose conduct gave rise to the claim unless the claim has been denied in whole or in part.