## No. 10,843.

INDUSTRIAL COMMISSION, ET AL. v. EMPLOYERS MUTUAL
INSURANCE CO., ET AL.

Decided July 7, 1924.   Rehearing Denied November 10, 1924.

Proceeding under the workmen's compensation act. Award for claimant.

*Affirmed.*

1.  WORKMEN'S COMPENSATION—*Weekly Wage.* Where the evidence did not justify an award of $10 a week made by the commission under any method of computation authorized by the statute, judgment reducing the award from $10 to $5 a week, affirmed.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. RUSSELL W. FLEMING, Attorney General, Mr. WAYNE C. WILLIAMS, Attorney General, Mr. JOSEPH P. O'CONNELL, Assistant, Mr. MATT J. KOCHEVAR, Mr. CLIFFORD H. STONE, for plaintiffs in error.

Mr. FRANK C. WEST, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a proceeding instituted before the Industrial Commission under the Workmen's Compensation Act. The commission awarded the claimant, an employee, conpensation at the rate of $10 per week. The district court, on appeal by the insurer and the employer, set aside this award and ordered the commission to make an award of $5 per week. To review the judgment of the district court, the commission and the claimant bring the cause here for review.

Under section 77 of the act of 1919 (section 4451 C. L. 1921) the claimant is entitled to an award of "fifty per

cent. of the average weekly wages," he had been receiving at the time of the accident. Section 4421 C. L. 1921 provides that the term "wages" shall be construed to mean the money rate at which the services rendered are recompensed under the contract of hire.

The findings of the commission, leading it, or supposed to lead it, to the conclusion that the average weekly wage of the claimant exceeded $20, so as to authorize an award of $10 per week, are as follows:

"Claimant worked at the coal mine of the * * * employer during the six months preceding his injury, at such time as the mine operated. On the days that he worked, he averaged between $4 and $5 per day. When he was not working he assisted his wife in the work about the boarding house which he and his wife were then operating. In view of the fact that the claimant worked only part time at his work of a coal miner and that the remainder of his time was spent in working for himself, the referee is of the opinion that claimant's average earnings must be computed on the basis of his daily earnings at the time of his accident. Computed on this basis, the claimant's average weekly wages exceeded $20."

The usual method of computing the average weekly wage is that prescribed in clause (b) of section 47 of the act (section 4421 C. L. 1921), reading as follows: "(b) The total amount earned by the injured or killed employe in the six months preceding the accident shall be computed, which sum shall be divided by twenty-six and the result thus ascertained shall be considered as the average weekly wage of said injured or deceased employe, for the purpose of computing the benefits provided by this act, except as hereinafter provided."

If this method had been followed by the commission, the average weekly wage would have been ascertained as between $8 and $9 per week, not $20, and the compensation awarded would have been $5 per week, as ordered by the district court.

The commission, of course, is not always required to pro-

ceed under clause (b) but may, under certain circumstances, proceed to compute the average weekly wage in accordance with clause (c) of the same section, "by taking the daily earnings at the time of the accident." This is what it did do in the instant case. It is contended that the commission was bound to proceed under clause (b) and that there was no ground for acting under clause (c).

It is not necessary to determine that question. It is sufficient to say that there is neither any finding, nor any evidence, to justify fixing the average weekly wage at $20 under either clause (b) or clause (c). The commission did not find how many days each week he worked. Going to claimant's own testimony, we find that he worked as follows: May, 8 days; June, 7 days; July, 14 days; August, 21 days; October, 4 days. As to September, he did not remember, but the time card offered by the employer shows 14 days. In November he worked one day, but that month may be excluded because he was injured on November 7, 1922.

Claimant worked 68 days during the six months preceding the accident. Neither side offered any evidence relating to earnings at any preceding time. 68 days during 6 months means that the claimant averaged not more than 3 days per week. During these six months his earnings totaled $222.86. Dividing this by 68, produces $3.27 as the average daily wage. Computed on the basis of "daily earnings," as authorized by clause (c), the average weekly wage is not over $10, nor one authorizing a greater award than compensation at $5 per week.

Whether the commission should have computed the average weekly wage under clause (b) or under clause (c), it could not, under the admitted facts, find that the average weekly wage was $20. Referring to a somewhat similar situation, the court in *Conrad v. Cummer-Diggins*, 224 Mich. 414, 195 N. W. 53, said: "We are not acquainted with any mathematical process by which the available facts can be made to produce any such result."

The district court was right in setting aside the award. The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.