## No. 11,311.

## HEUSCHKEL *v.* WAGNER.

Decided September 14, 1925.

Action to obtain possession of partnership property. Judgment for plaintiff.

### *Affirmed.*

1. APPEAL AND ERROR—*Fact Findings.* Fact findings by the trial court which are justified by the evidence will not be disturbed on review.

2. WILLS—*Partnerships.* The terms of a will of one partner cannot conclusively affect the rights of the other partners in the partnership property.

3. LIMITATIONS—*Statute—Equity.* The six year statute of limitations has no application to equitable cases.

4. *Statute—Trusts.* The five year statute of limitations does not run in a case where partnership property is held in trust, the trust being partly discharged and never denied.

5. PARTNERSHIPS—*Written Agreement—Statute of Frauds.* The contention in the case under consideration that a partnership agreement, not being written, was within the statute of frauds and not enforceable, overruled.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. C. W. DARROW, Mrs. SADIE H. KORN, for plaintiff in error.

Mr. M. J. MAYES, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE facts in the case are the same substantially as

those in *Heuschel v. Wagner*, 73 Colo. 327, 215 Pac. 476, which see.

Pursuant to that decision, Bertha Wagner, the present defendant in error, brought her suit in the district court to obtain the partnership property or its proceeds. The evidence in the previous suit was used in this suit, and other evidence, and to that evidence and to the law the court below seems to have given the most elaborate and careful attention and found the facts substantially as stated in the opinion in the former case, the substantial part of which is that there was partnership between Frank L. Heuschkel, deceased, and Bertha and Alta his daughters —Alta being also deceased—which has never been dissolved; that Bertha is sole surviving partner and entitled to the assets thereof.

Plaintiff in error claims that there was no partnership; that payments made by the deceased, Frank, to the various other partners were in the nature of gifts; but the court, on evidence which justified its findings, has found to the contrary.

It is claimed, that the will of Josepha Heuschkel, the former wife of Frank, who died before he did, shows that she was not a partner; perhaps it tends to do so, but the weight of the evidence was for the court. Her will could not conclusively affect the rights of the other partners in the partnership, or in their father's estate.

The six-year statute of limitations is relied on by the plaintiff in error, but the court below rightly held that it had no application to the case. That statute does not relate to equitable cases of which the present is one. The five-year statute is relied on but the deceased held the partnership property in trust and the trust had been partly discharged and had never been denied. The statute does not run under such circumstances. Moreover, there is evidence that the deceased very recently admitted his trust relation.

The claim that the partnership agreement was not in writing, and so within the statute of frauds, can not stand.

The joint investment justified the court in finding a resulting trust which is the effect of the partnership in such a case as the present and amounted also to part performance.

The supersedeas is denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.