## CITY OF EL PASO v. WEST et al.
### No. 8859.

Circuit Court of Appeals, Fifth Circuit.

May 23, 1939.

For former opinion, see 102 F.2d 927.

Frank B. Clayton, City Atty., and Ernest Guinn, Joseph G. Bennis, and Coyne Milstead, all of El Paso, Tex., for appellant.

Eugene R. Smith and Maury Kemp, both of El Paso, Tex., and Robert G. Bosworth, of Denver, Colo., for appellees.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

PER CURIAM.

On the argument of this case the appellees treated their petitions as suits at law in tort for negligence in performing a duty arising out of a contractual relation. The motion for rehearing seeks to avoid the application of the bar of two year limitation by contending that four years is the limitation because the suit is an "action for debt where the indebtedness is evidenced by or founded upon any contract in writing." Revised Civil Stats. Texas, Art. 5527. Appeal is also made to the new Rules of Civil Procedure which abolish the old forms of action and provide that there shall be but one.

This case was filed and tried in the District Court before the Rules of Civil Procedure existed. The pleadings must be interpreted according to the law then obtaining. Even under the new rules, when limitation depends on the State law and that law refers to a form of action as determinative, it will be necessary to ascertain what sort of case the pleader is presenting. While the allegations in this case are somewhat jumbled, it can hardly be thought that it is an "action for debt where the indebtedness is evidenced by or founded upon a contract in writing." The certificates if sued upon as evidencing a fixed obligation would have been attackable as lacking constitutional validity to impose a debt on the City. So if the recital

in them "For the payment of this certificate the City of El Paso has created the City of El Paso Special Paving Fund and has obligated itself to collect and enforce all special assessments" had been sued on as an absolute promise so that a mere failure to collect the assessments, irrespective of negligence, would make the City liable to pay the certificates, the same trouble would be met that was held fatal in City of Fort Worth v. Bobbitt, Atty. Gen., 118 Tex. 14, 41 S.W.2d 228. Moreover in an action for debt on a writing negligence would not have been appropriately alleged at all. The pleader we think advisedly treated the recited promise as not absolute, or as fixing a debt by a mere failure to keep it, but rather as an assurance that bona fides and diligent effort would be used to realize on the assessments and pay over the proceeds; and accordingly alleged a tortious failure in duty rather than a fixed indebtedness as the ground of action. That kind of liability we have held may be asserted against the City. If a debt had been asserted, we should probably have been compelled to hold otherwise.

Motion denied.