## WOLF SALES CO. v. RUDOLPH WURLITZER CO.

### Civ. A. No. 2942.

United States District Court
D. Colorado.

June 25, 1952.

Louis G. Isaàcson and William H. Burnett, Denver, Colo., for plaintiff.

Lewis, Grant, Newton, Davis & Henry, Denver, Colo., for defendant.

KNOUS, District Judge.

This is an action for triple damages under the Sherman and Clayton Antitrust Acts.

As the third defense, the state statute of limitation, found in 1935 Colorado Statutes Annotated, chapter 102, section 9 (1), is pleaded. It provides:

"All actions upon a liability created by a federal statute other than for a forfeiture or penalty for which actions no period of limitations is provided in such statute shall be commenced within two years after the cause of action shall have accrued."

The plaintiff has filed a motion to strike the defense of the statute on the ground that it discriminates against the enforcement of a federally-created claim for relief.

Actions for treble damages under the antitrust laws of the United States are sub-

ject to the appropriate period of limitation of the forum. In other words, the state statute of limitations controls. Christensen v. Paramount Pictures, Inc., D.C., 95 F. Supp. 446; Momand v. Universal Film Exchanges, etc., 1 Cir., 172 F.2d 37; Northern Kentucky Telephone Co. v. Southern Bell Telephone & Telegraph Co., D.C., 1 F. Supp. 576, affirmed 6 Cir., 73 F.2d 333, 97 A.L.R. 133; Campbell v. Haverhill, 155 U. S. 610, 15 S.Ct. 217, 39 L.Ed. 280.

■ However, a state cannot single out federal legislation and subject a cause of action created thereunder to a shorter period of limitation than that which would govern the same or a similar cause of action if it arose under the law of the particular state. As was said in Rockton & Rion Ry. Co. v. Davis, 4 Cir., 159 F.2d 291, 293:

"* * * The Law seems well settled that a statute of limitations of a State is unconstitutional when the statute is directed exclusively at claims arising under a federal law. And particularly is this true when the State statute of limitations is discriminatory in its effect in favor of State claims and against federal claims * * *."

See also: Campbell v. Haverhill, 155 U.S. 610, 615, 15 S.Ct. 217, 39 L.Ed. 280; Republic Pictures Corporation v. Kappler, 8 Cir., 151 F.2d 543, 162 A.L.R. 228, affirmed 327 U.S. 757, 66 S.Ct. 523, 90 L.Ed. 991; Caldwell v. Alabama Dry Dock & Shipbuilding Co., 5 Cir., 161 F.2d 83; Davis v. Rockton & Rion R. R., D.C., 65 F.Supp. 67.

■ The discrimination prohibited is one of fact, and will not usually depend on the precise wording of the statute. Thus, where a limitation is expressly worded against the enforcement of a federal right or claim, but in effect equal treatment would be accorded to the same or similar claim arising under state law, the limitation is valid and will be upheld. Swick v. Glenn L. Martin Co., 4 Cir., 160 F.2d 483. See also: Developments In The Law— Statutes of Limitations, 63 Harvard Law Review 1177 et seq.

It therefore becomes necessary to determine the nature of a private civil action under the federal antitrust laws and to compare its local period of limitation with the period of limitation that is accorded an action of a same or similar nature which arises under the law of the forum. City of El Paso v. West, 5 Cir., 104 F.2d 96.

■ The statutory remedy awarded to private litigants who have been injured by a violation of the antitrust laws, the treble damage action provided for in section 4 of the Clayton Act, 15 U.S.C.A. § 15, is, in effect and by nature, an action in tort for trespass on the case.

The analysis leading to this conclusion has been so well stated in Williamson v. Columbia Gas & Electric Corporation, 3 Cir., 110 F.2d 15, that this Court cannot elaborate thereon but could only repeat. See also: H. J. Jaeger Research Laboratories, Inc., v. Radio Corporation of America, 3 Cir., 90 F.2d 826; Imperial Film Exchange v. General Film Company, D.C., 244 F. 985; Farmers Co-Operative Oil Co. v. Socony-Vacuum Oil Co., Inc., D.C., 43 F.Supp. 735; 58 C.J.S., Monopolies, § 96, p. 1117; 30 Am.Jur. § 207, p. 662.

■ The Colorado statute of limitations governing actions on the case provides for a period of six years during which suit may be instituted. 1935 Colorado Statutes Annotated, chapter 102, § 1. This section and the section previously quoted, on which the defendant primarily relies, read together, lead to the conclusion that the Colorado legislature intended and provided that actions in tort in the nature of trespass on the case shall be commenced within six years after the alleged wrong occurred, unless the underlying basis of the suit is a federal statute, in which event the action shall be begun within two years of the conduct complained of. Thus, the result is precisely the type of legislative discrimination which Article VI and Section 1 of the Fourteenth Amendment to the Federal Constitution prohibits. Plaintiff's motion to strike the third defense, therefore, must be sustained.

■ The defendant has also moved for leave to amend its amended answer by add-

ing as a tenth defense the following further state statute of limitations:

"All actions and suits, for any penalty or forfeiture of any penal statute brought by * * * any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year next after the offense is committed and not after that time." 1935 C.S.A., ch. 102, § 9."

The basic premise underlying the defendant's position in urging this statute is that the instant suit is one to enforce a penalty or forfeiture. However, it has been held repeatedly that private treble damage actions under the Federal antitrust laws do not fall within that category; that they are not penal, but compensatory and remedial. Strout v. United Shoe Machinery Co., D.C., 195 F. 313; City of Atlanta v. Chattanooga Foundry & Pipeworks, 6 Cir., 127 F. 23, affirmed 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241; Momand v. Twentieth-Century Fox Film Corporation, D.C., 37 F.Supp. 649, 657; Christensen v. Paramount Pictures, Inc., D.C., 95 F.Supp. 446, 449; Momand v. Universal Film Exchange, Inc., 43 F. Supp. 996, 1008; Hansen Packing Co. v. Swift & Co., D.C., 27 F.Supp. 364; Shelton Electric Co. v. Victor Talking Machine Co., D.C., 277 F. 433; Harvey v. Booth Fisheries Co. of Delaware, D.C., 228 F. 782. See also: Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123.

█ The defendant places heavy reliance on Hoskin Coal & Dock Corporation v. Truax Traer Coal Co., 7 Cir., 191 F.2d 912. That case held not only that state statutes of limitations govern the time within which actions may be commenced under the treble damage provisions of the Federal antitrust laws, but that state law also determines the nature and import of such actions and thus is decisive as to which of perhaps several conceivable statutory periods of limitation governs. It seems to the Court that if the rule announced in the Hoskin case is carried to its logical conclusion, a private antitrust suit, based upon identical facts, might be characterized as penal in one state, as remedial in another, as compensatory in a third, as punitive in a fourth, as an action to enforce a forfeiture in a fifth, as perhaps a hybrid of these in a sixth, and so on. The weight of authority is opposed to such a result. As was said by Judge Murrah of this circuit, assigned and sitting as a district judge in Momand v. Twentieth-Century Fox Film Corporation, supra [37 F.Supp. 652]:

"* * * It is readily conceded that the definition given to the right of action by the Federal law is binding. Stated otherwise, the nature of the cause of action, created and granted by the Sherman Anti-trust Act [15 U.S.C. A. §§ 1–7, 15 note], is to be determined by the Federal decisions."

█ In addition, it might be pointed out that even if the instant suit were one to enforce a penalty or forfeiture, the state statute of limitations would in no event be applicable. Local periods of limitation control actions under federal law only if and where Congress has failed to provide its own statutory limitation. Campbell v. Haverhill, supra. Congress has enacted a statute which provides, in effect, that a suit to enforce a penalty or forfeiture, arising under federal law, may be commenced within five years from the date of the accrual of the cause of action. 28 U.S.C.A. § 2462. Thus, leave to further amend the answer as proposed by defendant cannot be properly allowed.

█ In the fifth defense, as pleaded, several of the matters and acts which plaintiff contends are violative of the antitrust laws, are attributed by the defendant to one Hammergren, at the time one of its executive officers, and are alleged to have been done and performed by him in violation of his fiduciary duties and obligations to the defendant and without its knowledge or consent. This defense concludes with paragraph 15, as follows:

"15. During the times herein mentioned, Wolf Roberts, the president of plaintiff, was a close associate and confidant of the said Hammergren. The said Hammergren caused defendant to employ the said Wolf Roberts from January 15, 1948 to November 3, 1948 as Regional Sales Manager and assist-

ant to said Hammergren. The said Wolf Roberts was paid by defendant approximately $19,000.00 as commission on sales of merchandise delivered during the year 1947 and approximately $21,000.00 as salary and commission on sales of merchandise delivered during the year 1948. All of the matters and things complained of by plaintiff arise out of dealings between the said Hammergren and the plaintiff and the said Wolf Roberts. The plaintiff knew, or should have known, that the said Hammergren was abusing his authority as an officer of plaintiff and using it for his own interest, and plaintiff is chargeable with notice of the fraud practiced by the said Hammergren upon defendant. Plaintiff is estopped to claim damage as in its complaint alleged. Plaintiff is further estopped to claim any intent or purpose on the part of defendant to violate any antitrust laws of the United States by reason of things done by the said Hammergren in violation of his duties and obligations to defendant and in breach of his trust relationship with defendant."

The plaintiff has moved to strike this paragraph as not constituting sufficient allegations of estoppel and thus being redundant and immaterial.

While it may be true that not all the technical requirements of the common-law pleading of estoppel are averred in paragraph 15, quoted above, its allegations under Rule 8, Fed.Rules Civ.Proc., 28 U.S.C.A., are amply sufficient to withstand attack. Subparagraph (e) (1) of this rule expressly provides:

"Each averment of a pleading shall be simple, concise, and direct. *No technical forms of pleading or motions are required.*" (Italics supplied.)

Rule 9(b), F.R.C.P. provides the following:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

Rule 8, F.R.C.P., and Rule 9(b), F.R.C.P., read together convey a legislative intent that estoppel, particularly where, as in this case, it is so much conditioned on "state of mind," need not be set forth in a more detailed manner than the defendant has done.

It is, therefore, ordered, adjudged and decreed that the plaintiff's motion to dismiss the third defense of the amended answer be, and the same hereby is sustained and the said third defense is hereby dismissed.

It is further ordered, adjudged and decreed that the defendant's motion for leave to file a submitted tenth defense be, and the same is hereby denied.

And it is further ordered, adjudged and decreed that the plaintiff's motion to strike paragraph 15 of the fifth defense in the amended answer be, and the same hereby is, denied.