Fred A. ZUNIGA, Plaintiff-Appellant,

v.

AMFAC FOODS, INC., d/b/a Wilhelm Foods, Inc., Defendant-Appellee.

No. 76–1512.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Aug. 1, 1977.

Decided July 10, 1978.

Thomas H. May, Denver, Colo., for plaintiff-appellant.

Paul E. Mirengoff, Washington, D. C. (Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, Beatrice Rosenberg, Charles L. Reischel and Lutz Alexander Prager, Washington, D. C., on the brief), for Equal Employment Opportunity Commission as amicus curiae.

R. Brooke Jackson, of Holland & Hart, Denver, Colo. (John C. Siegesmund, III, Holland & Hart, Denver, Colo., with him on the brief), for defendant-appellee.

Before SETH, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.

HOLLOWAY, Circuit Judge.

Plaintiff-appellant Zuniga brought this action for reinstatement with back pay, advancement in pay grade and seniority denied during a period of discharge, for costs and other equitable relief deemed proper. He alleges that jurisdiction is invoked under 42 U.S.C. § 1981 [1] and also avers diversity of citizenship and that the amount in controversy exceeds $10,000.00. Treating the motion to dismiss on limitations grounds as a motion for summary judgment, the district court dismissed the action as barred by both C.R.S.1973 § 13–80–106, containing a two year bar for actions under federal statutes or the limitation period for comparable actions under Colorado law, whichever is longer, and by § 13–80–108(1)(b), the three-year Colorado residuary statute of limitations. This appeal followed.

An agreed statement of the case was approved by the district court and filed pursuant to Rule 10(d), F.R.A.P. It states that the issue on appeal is:

Whether the appropriate statute of limitations governing employment discrimination actions brought in the federal district courts of Colorado under 42 U.S.C. § 1981 is either the two-year "federal action" statute (1973 C.R.S. § 13–80–106) or three-year "residuary" statute (1973 C.R.S. § 13–80–108(1)(b)), on the one hand, or the six-year statute governing certain contract and tort actions (1973 C.R.S. § 13–80–110), on the other, or some other statute.

The agreed statement says that the plaintiff's action was brought solely under 42 U.S.C. § 1981. It briefly summarizes the facts as follows:

The plaintiff was employed by defendant AMFAC from October, 1969 to August, 1970. Plaintiff alleges that in August, 1970, defendant refused him "bumping rights" which would have prevented the termination of his employment. Plaintiff further avers that on April 5, 1971, defendant wrongfully refused him reinstatement and that defendant AMFAC's actions were based on plaintiff's national origin, in violation of 42 U.S.C. § 1981. Defendant denies such allegations.

The agreed statement further says that plaintiff's complaint was filed approximately four years and nine months after his cause of action accrued concerning his alleged "bumping rights" and four years and two months after his cause of action accrued concerning the refusal of reinstatement.

In order to have a more thorough understanding of the complaint, the motion to dismiss and the defendant's supporting statement of points and authorities, on our own motion we directed that a supplemental record containing those critical pleadings be certified and transmitted.[2] See Rule 10(e), F.R.A.P. From that record we note these circumstances:

The complaint essentially alleges these facts: Plaintiff was hired by defendant AMFAC in October, 1969. In August, 1970,

---

1. The applicable jurisdictional grant for the claim under § 1981 is 28 U.S.C. § 1343(4), but this is not significant to our issues.

2. The party who brings the suit is master to decide what law he will rely on and the complaint determines the nature of the suit. See *Pan American Petroleum Corp. v. Superior Court of Delaware*, 366 U.S. 656, 662, 81 S.Ct. 1303, 6 L.Ed.2d 584.

AMFAC refused to grant or recognize plaintiff's "bumping rights" which would have kept plaintiff working and would have allowed plaintiff to retain his seniority. On April 5, 1971, plaintiff requested reinstatement but this request was denied, allegedly because of plaintiff's national origin, Mexican-American. Anglos with less seniority have been retained and continue to work and the plaintiff has not been reinstated or recalled to work.

Plaintiff further avers that defendant's collective bargaining agreement provides that seniority shall be determined by the length of service in the plant; that plaintiff had been performing the same job which an Anglo specialist is now doing while plaintiff had a hire date and seniority date of October 6, 1969, or more than one month's seniority over the Anglo employee who was retained; that plaintiff was not afforded the opportunity to be trained, which would have enabled him to retain his seniority rights; and that defendant's seniority policy was in effect at the time of the alleged incident.

Further, the complaint alleges that all of defendant's acts complained of are based solely on discrimination against plaintiff because of his national origin, that plaintiff has resorted to processes of the Equal Employment Opportunity Commission pursuant to 42 U.S.C. § 2000e–5, that the E.E. O.C. has sustained plaintiff's allegations in its findings of fact, that defendant has refused to resolve the charges through informal methods of conference, conciliation and persuasion, and that plaintiff has also exhausted all State administrative procedures. Plaintiff claims that 42 U.S.C. § 1981 prevents defendant from engaging in the unlawful employment practices—to wit discharging an individual because of race, color or national origin, and from discriminating against an individual in a training or re-training program, including on the job training, because of the individual's race, color or national origin. As noted, reinstatement with full back pay, advancement in pay grade and seniority, costs and other relief are sought.

Defendant AMFAC's motion to dismiss under Rule 12(b)(6), F.R.Civ.P., for failure to state a claim, and its supporting statement of points and authorities, argue for dismissal on limitations grounds. It says that the complaint results from plaintiff's layoff in August 1970, that a discriminatory act on April 5, 1971, was alleged when plaintiff claims he requested reinstatement, and that the complaint was not filed until June 4, 1975—more than four years after the most recent discriminatory act alleged. AMFAC's statement of points and authorities argues that the applicable statute of limitations is two years under C.R.S.1973 § 13–80–106 (Supp.R. 6).

The district court held the action barred by limitations. By an order on March 16, 1976, the court pointed out that there was a difference of views on the limitations question among the Judges of the District, which will be treated later. In this order Chief Judge Winner stated that:

This case is barred under both 13–80–106 and 13–80–108(1)(b), and I need hold no more and I hold no more than did Chief Judge Arraj in *Evans*. However, if the case had been brought more than two years and less than three years after the claim arose, I would unhesitatingly hold that the action was barred under C.R.S. 1973 13–80–106.

The order further advised that it was the court's intention to treat the motion as one for summary judgment and that summary judgment would be entered for defendant on March 29, 1976, unless plaintiff raised genuine issues of material fact before that time. The docket sheet shows no filings by plaintiff before that date when the complaint and action were dismissed.

## I

We begin with the problem that no statute of limitations is provided by Congress for actions to redress infringement of rights protected by 42 U.S.C. § 1981. However, for such cases it is settled that "the silence of Congress has been interpreted to mean that it is federal policy to adopt the local law of limitation." *Runyon v. McCrary*, 427

U.S. 160, 180, 96 S.Ct. 2586, 2599, 49 L.Ed.2d 415. "Since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period would ordinarily be the most appropriate one provided by state law. See *O'Sullivan v. Felix*, 233 U.S. 318 [34 S.Ct. 596, 58 L.Ed. 980] (1914); (Civil Rights Act of 1871); *Auto Workers v. Hoosier Corp.*, 383 U.S. 696, 701–704, [86 S.Ct. 1107, 16 L.Ed.2d 192] (1966) (Labor Management Relations Act) . . ." *Johnson v. Railway Express Agency*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295. Under this principle our court had earlier applied Oklahoma and Kansas limitations periods in civil rights suits brought under 42 U.S.C. §§ 1983 and 1985 and their antecedents. See *Crosswhite v. Brown*, 424 F.2d 495, 496 (10th Cir.); *Wilson v. Hinman*, 172 F.2d 914, 915 (10th Cir.), cert. denied, 336 U.S. 970, 69 S.Ct. 933, 93 L.Ed. 1121.

█ Thus since no federal limitation governs, the timeliness of this suit ". . . is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *Auto Workers v. Hoosier Corp.*, 383 U.S. 696, 705, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192. The process is outlined as follows, id. at 706, 86 S.Ct. at 1113:

We agree that the characterization of this action for the purpose of selecting the appropriate state limitations provision is ultimately a question of federal law. *Textile Workers v. Lincoln Mills, supra* [353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972]; *McClaine v. Rankin, supra* [197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702]. But there is no reason to reject the characterization that state law would impose unless that characterization is unreasonable or otherwise inconsistent with [the policy of the federal statute]. Cf. *Reconstruction Finance Corp. v. Beaver County*, 328 U.S. 204, 210, [66 S.Ct. 992, 90 L.Ed. 1172]; *De Sylva v. Ballentine*, 351 U.S. 570, 580–582, [76 S.Ct. 974, 100 L.Ed. 1415].

There are marked differences in the approach to choice of the appropriate state statute of limitations. This is illustrated by *Beard v. Robinson*, 563 F.2d 331, 336 (7th Cir.), which rejected the method of characterizing the facts underlying the plaintiff's claim in terms of traditional common law torts to determine the applicable limitation; instead a uniform limitation for all statutory claims was applied. In *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 900–03 (3d Cir.), characterization of the civil rights claim was made by analysis of the particular allegations of the claim, with resulting application of a six-year limitation for all trespass actions not involving personal injury. The claim under §§ 1981 and 1982 for refusal to consider an application for a home on racial grounds was viewed as similar to a tort of denial of a right to lawfully pursue business, employment or personal affairs and the court pointed out that in state law suits "resembling Meyers' action" the six-year statute had been applied. Id. at 902–03.

We are persuaded that the latter approach of critical analysis of the particular claim, and then determining if there is a comparable state law analogue, is more in keeping with what *Auto Workers v. Hoosier Corp.*, supra, 383 U.S. at 706, 86 S.Ct. 1107, and *Runyon v. McCrary*, supra, 427 U.S. at 180–82, 96 S.Ct. 2586, teach. Indeed in *Auto Workers* in the process of "characterization of the action for the purpose of selecting the appropriate state limitations provision," (383 U.S. at 706, 86 S.Ct. at 1113), the Court rejected the contention that the claim was based exclusively on a written contract, pointing to the relevance of separate agreements of employment which called for application of a different limitation. Ibid. Moreover, we feel that our own opinion in *Wilson v. Hinman*, supra, 172 F.2d at 915, points the same way by detailing the allegations of unconstitutional acts, stating that the burden of the plaintiff's grievances was deprivation of her constitutional right to follow a legitimate calling or business, and then holding the action barred by the Kansas two-year limitation for an "action for injury to the rights of another, not arising on contract," or, by a

special statute for refiled actions after a dismissal other than on the merits, if the case were deemed a refiled action.[3] See also our opinion in *Crosswhite v. Brown*, supra, 424 F.2d at 496 and note 2, using a similar analysis.

In sum, the answer to our limitations question requires analysis of the essential nature of the federal claim and comparison to similar state actions. See *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 900, 902–03 (3d Cir.). And Colorado law also requires the same process of analysis and comparison. C.R.S.1973, § 13–80–106, addressing itself to limitations for all actions upon a liability created by a federal statute, prescribes a two-year limitation "*or the period specified for comparable actions arising under Colorado law, whichever is longer . . .*" (see note 4, *infra*).[3a] Hence, we turn to the Colorado limitations provisions and the various types of state law claims covered by them.

## II

There are three Colorado statutes which are our main concern. First, there is the statute governing actions under federal statutes, C.R.S.1973 § 13–80–106, providing a two-year limitation or "the period specified for comparable actions under Colorado law, whichever is longer . . ."[4] This is the statute which Chief Judge Winner said he would apply if this action had been brought more than two but less than three years after the claim arose. In *Ray Safeway Stores, Inc.*, Civil Action No. 75–W–459 (D.Colo.) (unpublished), Chief Judge Winner held that a claim brought under 42 U.S.C. §§ 1981 and 1983 was barred by the two-year limitations part of C.R.S.1973 § 13–80–106. This two-year statute is also one which Judge Matsch held applicable to an action under 42 U.S.C. § 1983 in *Castro v. Patterson*, Civil Action No. 74–M–1189 (D.Colo.) (unpublished). *Castro* was followed by Judge Arraj and this two-year statute was again held applicable to claims arising under 42 U.S.C. §§ 1981 and 1985 in *McKinney v. ARMCO Recreational Products Co.*, 419 F.Supp. 464, 467 (D.Colo.). Judge Doyle, while serving as a district Judge, held that the predecessor of this statute on federal claims applied to suits under 42 U.S.C. §§ 1983 and 1985, as opposed to three special shorter limitations, in *Salazar v. Dowd*, 256 F.Supp. 220 (D.Colo.).[5]

**3.** We note that our *Hinman* opinion applied this two-year statute for an "action for injury to the rights of another, not arising on contract" although the previous subsection, Kansas G.S. 1935 Sec. 60–306, par. 2, provided a three-year limitation for "an action upon a liability created by statute other than a forfeiture or penalty."

**3a.** This proviso adopting the longer limitations for comparable actions avoids the constitutional problem of discrimination against federal claims which was earlier pointed out in *Trussell v. United Underwriters, Ltd.*, 228 F.Supp. 757, 775–76 (D.Colo.) and *Wolf Sales Co. v. Rudolph Wurlitzer Co.*, 105 F.Supp. 506, 508 (D.Colo.).

**4.** C.R.S.1973 § 13–80–106 provides:

> 13–80–106. Actions under federal statutes. All actions upon a liability created by a federal statute, other than for a forfeiture or penalty for which actions no period of limitations is provided in such statute, shall be commenced within two years or the period specified for comparable actions arising under Colorado law, whichever is longer, after the cause of action accrues.

**5.** As one alternative to its reliance on the two-year limitations provisions of C.R.S.1973 § 13–80–106, AMFAC says that the short six-month limitations period for filing civil rights complaints under the Colorado Anti-Discrimination Act of 1957 should apply. See C.R.S.1973 § 24–34–307. AMFAC argues that the type of evidence for a claim under the State statute is comparable to that for a § 1981 claim and that the State statute reflects a judgment that such claims should be initiated quickly, and thus the short State statute of limitations should apply to § 1981 actions.

We disagree. We are persuaded by the decisions of other Circuits that limitations periods for state statutory nonjudicial proceedings are inapplicable to civil rights actions in courts of law. See *Chambers v. Omaha Public School District*, 536 F.2d 222, 225–27 (8th Cir.) (180 day period under Nebraska Fair Employment Act); *Mason v. Owens-Illinois, Inc.*, 517 F.2d 520 (6th Cir.) (six months period for filing complaint with Ohio Civil Rights Commission); *Garner v. Stephens*, 460 F.2d 1144 (6th Cir.) (90-day period for filing complaint with Kentucky Civil Rights Commission); *Shouse v. Pierce County*, 559 F.2d 1142, 1146–47 (9th Cir.) (30-day period for challenging action by Board of Commissioners of a utility district).

However, in *Salazar* the court apparently did not have any problem of deciding whether a *longer* limitation for a comparable action might apply there since Salazar's claim was timely under the two-year limitation.

Second, there is the three-year residuary provision for "[a]ll other actions of every kind for which no other period of limitation is provided for by law." C.R.S.1973 § 13–80–108(1)(b).[6] This is the second statute under which Chief Judge Winner held this action barred, the other being C.R.S.1973 § 13–80–106, the federal claims statute discussed above. Judge Arraj had earlier held § 1981 claims barred under both of these limitations statutes in *Evans v. Dow Chemical Co.*, Civil Action No. 74–A–1210 (D.Colo.) (unpublished) and *Solano v. Sears Roebuck and Co.*, Civil Action No. 75–A–931 (D.Colo.) (unpublished).

The third statute which we must consider is C.R.S.1973 § 13–80–110(1)(d) and (g) which respectively provide a six-year limitations period for "[a]ll actions of assumpsit, or on the case founded on any contract or liability, express or implied . . ." and for "[a]ll other actions on the case, except actions for slander and for libel."[7] It was the six-year limitation of this statute which Judge Finesilver held applicable to a suit claiming a discriminatory discharge and refusal to rehire and brought under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 in *Jackson v. Continental Oil Co.*, Civil Action No. 74–F–1209 (D.Colo.) (unpublished). The longer

six-year limitation was chosen as the bar governing a comparable Colorado contract or tort action, made applicable to the federal claim under the proviso of C.R.S. 1973 § 13–80–106 for such a longer limitation applicable to "comparable actions."

We are persuaded by the reasoning in *Jackson v. Continental Oil Co.*, supra. After looking first to the "federal action" statute, C.R.S.1973 § 13–80–106, the court considered whether there are "comparable actions" under Colorado law and concluded that "[i]n an employment discrimination case such as this, the facts will most closely resemble either a contract or tort suit." The court pointed to the language of § 1981 itself that:

> All persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . .

The court also recognized that sometimes claims of employment discrimination may be founded on interference with the personal right to contract, and that in that sense the suits sound in tort. In either event the court concluded that the six-year limitations provisions of C.R.S.1973 § 13–80–110, covering both contract and tort, applied. See note 7, supra.

Defendant AMFAC relies on the reasoning in *Solano v. Sears Roebuck & Co.*, Civil Action No. 75–A–931 (D.Colo.), that the civil rights acts "created rights and imposed obligations different from any which would exist at common law in the

---

**6.** C.R.S.1973 § 13–80–108 provides in pertinent part:

13–80–108. Actions barred in three years. (1) The following actions shall be commenced within three years next after the act complained of and not afterwards:

\* \* \* \* \* \*

(b) All other actions of every kind for which no other period of limitation is provided for by law.

**7.** C.R.S.1973 § 13–80–110 provides:

13–80–110. Actions barred in six years. (1) Except as otherwise provided in section 4–2–725, C.R.S.1973, the following actions shall be commenced within six years after the cause of action accrues, and not afterwards:

(a) All actions of debt founded upon any contract or liability in action;

(b) All actions upon judgments rendered in any court not being a court of record;

(c) All actions for arrears of rent;

(d) *All actions of assumpsit, or on the case founded on any contract or liability, express or implied;*

(e) All actions of waste and for trespass upon land;

(f) All actions of replevin, and all other actions for taking, detaining, or injuring goods or chattels;

(g) *All other actions on the case, except actions for slander and for libel.* (Emphasis added).

absence of statute," and similar cases. It says there are therefore no "comparable actions," for which a longer limitation applies and thus the two-year bar of C.R.S. 1973 § 13–80–106 controls. We cannot agree. There is no doubt that there are some differences between a civil rights claim created by § 1981 and contract and tort claims, but we cannot say that a comparable claim is not found in the contract and tort causes of action.

Plaintiff-appellant points to his allegations about the union contract and denial of his "bumping rights" because of his national origin. He argues that in effect he has alleged a breach of his union contract, that his action is comparable to a breach of contract suit under Colorado law, and that the six-year limitation of C.R.S.1973 § 13–80–110 applies, citing *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295, and *Carpenters & Millwrights Health Benefit Trust Fund v. Domestic Insulation Co.*, 387 F.Supp. 144 (D.Colo.), *inter alia*.

*Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295, does point out that § 1981 ". . . on its face relates primarily to racial discrimination *in the making and enforcing of contracts.*" (Emphasis added). And it is true that the agreed statement before us refers to plaintiff's allegation that defendant refused his "bumping rights." We note among other things that the complaint avers that defendant's collective bargaining agreement provides in Article 22 for seniority to be determined by length of service in the plant, that the plaintiff was not afforded an opportunity to be trained which would have enabled him to retain his seniority rights, and that all of defendant's acts complained of were based on discrimination because of national origin. Thus, allegations dealing with enforcement of contract rights are present, within the broad terms of § 1981 and the construction of it in *Johnson v. Railway Express Agency, Inc.*

It seems logical to us that the general provisions of C.R.S.1973 § 13–80–110(1)(d)

for "All actions of assumpsit, or on the case founded on any contract or liability, express or implied" and (g) for "All other actions on the case, except actions for slander and for libel" embrace actions comparable to the instant case. In *Ahart v. Sutton*, 76 Colo. 145, 244 P. 306, the Colorado Court applied the six-year limitation of this subsection (d) and referred also to the catch-all in subsection (g) for all other actions on the case, except for slander and libel. The case was an action for fraud in connection with real estate contracts and the six-year statute was applied to a claim which was "for the tort growing out of the contract." (Id. at 307). In *Wolf Sales Co. v. Rudolph Wurlitzer Co.*, 105 F.Supp. 506 (D.Colo.), the court held that the predecessor Colorado limitation on actions under federal statutes was unconstitutionally discriminatory against a federal antitrust claim, there then being no alternative proviso adopting longer limitations for comparable actions. In doing so it was necessary to determine the nature of a private action under the antitrust laws and to compare its local period of limitation with the limitation that is accorded an action of the same or similar nature under Colorado law. Id. at 508. The statutory claim was held "*in effect and by nature, an action in tort for trespass on the case.*" (Emphasis added). The six-year limitation was said to govern actions on the case, and hence the two-year limitation on the federal claim was discriminatory.

■ We are persuaded that the broad six-year limitations provisions for "All actions of assumpsit, or on the case founded on any contract or liability, express or implied", and for "All other actions on the case, except actions for slander and for libel" (C.R.S.1973 § 13–80–110(1)(d) and (g)) includes claims comparable to this § 1981 claim. The statutory claim, as alleged, of a tortious discriminatory wrong infringing contractual rights is comparable to a "cause of action . . . for the tort growing out of the contract," *Ahart v. Sutton*, supra, 244 P. at 307, and to contract claims. It is particularly convincing that the statutory antitrust claim was held to be "in effect

and by nature, an action in tort for trespass on the case"[8] in *Wolf Sales Co. v. Rudolph Wurlitzer Co.*, supra, 105 F.Supp. 506, 508 (D.Colo.).[9]

█ Defendant AMFAC argues alternatively for application of the three-year general residuary limitation provision of C.R.S. 1973 § 13–80–108. See note 6, supra. However, under the Colorado statutory scheme this residuary provision does not apply if another provision is applicable, and we have concluded that C.R.S.1973 § 13–80–110 does cover this § 1981 claim.[10]

In sum, we are convinced that the holding on the limitations question in *Jackson v. Continental Oil Co.*, was right. Section 1981 "on its face relates primarily to racial discrimination in the making and enforcing of contracts." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295. We are persuaded that this § 1981 claim asserting tortious discriminatory acts infringing contractual rights, and denial of contractual rights as well, is comparable to actions for a tort wrong growing out of contract, and to a contractual wrong, and thus within the broad provisions of the six-year limitations applicable to "All actions of assumpsit, or on the case founded on any contract or liability, express or implied" and "All other actions on the case, except actions for slander and for libel." C.R.S.1973 § 13–80–110(1)(d) and (g). Hence the claim was timely. Accordingly, the judgment is reversed and the cause is remanded for further proceedings.

8. There was need at the common law for a remedy for damage suffered for a wrong committed without force and the separate form of action known as trespass on the case evolved. Dix, The Origins of the Action of Trespass on the Case, 46 Yale Law Journal 1142, 1174 (1937); to the same effect see 1 Am.Jur.2d Actions, § 22, p. 560. Where a statute merely imposes a duty without providing any remedy, an action on the case will lie if appropriate to the character of the injury. 14 C.J.S. Case, Action On § 5, p. 5; see also 1 Am.Jur.2d, Actions § 26, pp. 562–63.

9. See *Meyers v. Pennypack Woods Home Ownership Association*, 559 F.2d 894, 900–902 (3d Cir.) (viewing a claim under §§ 1981 and 1982 as in tort and applying the limitation for actions in trespass not involving personal injury); *Page v. U. S. Industries, Inc.*, 556 F.2d 346, 352–53 (5th Cir.) (holding a § 1981 claim to sound in tort and come within a Louisiana limitation on offenses or quasi-offenses); *Allen v. Amalgamated Transit Union Local 788*, 554 F.2d 876, 880 (8th Cir.), cert. denied, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (holding a § 1981 claim within a contractual limitation where a denial of seniority rights was alleged; *Williams v. Massachusetts General Hospital*, 449 F.Supp. 55, 57 (D.Mass) (holding a § 1981 claim governed by a contract limitation); *Wright v. St. John's Hospital*, 414 F.Supp. 1202, 1204–06 (N.D.Okl.) (holding a § 1981 claim governed by an Oklahoma three-year limitation for actions on a contract, express or implied not in writing); see also *Crosswhite v.*

*Brown*, 424 F.2d 495, 496 (10th Cir.) (holding a claim under §§ 1983 and 1985 governed by the Oklahoma two-year tort limitation); *Wilson v. Hinman*, 172 F.2d 914, 915 (10th Cir.) (holding a claim under the antecedents of §§ 1983 and 1985 barred by a Kansas two-year tort limitation or a one-year limitation for refiled actions).

10. Likewise we cannot agree with defendant AMFAC's further alternative argument that the three-year bar of C.R.S. § 13–80–107 dealing with personal actions on any contract is applicable. As the statute says, it does not apply if C.R.S. 1973 § 13–80–110 is applicable. See *Carlson v. McCoy*, 566 P.2d 1073, 1075 n. 1 (Colo.).

One remaining contention of defendant AMFAC is that *Heuschkel v. Wagner*, 78 Colo. 61, 239 P. 873, is said to illustrate that the six-year limitation cannot apply to an equitable case which this is because reinstatement and back pay are sought. In *Heuschkel* a judgment declaring a resulting trust was affirmed and all the court did was hold that no limitation barred that equitable case. "The statute does not run under such circumstances." (Id. at 874). That special type of case is not involved here, however, and we are convinced there is an applicable limitation—the six-year one. The six-year statute does apply to causes of action within its definitions, although some equitable relief is sought. *E. g., Goeddel v. Aircraft Finance, Inc.*, 152 Colo. 419, 382 P.2d 812, 815.