**George McKAY, [Plaintiff],**

v.

**Dayle HAMMOCK, individually and as a detective and sheriff for Routt County, Colorado; Nick DeLuca, Sheriff, Routt County, Colorado; Lieutenant D. W. Pfeffer, individually and as an officer of the Ruidoso City Police Department; the Ruidoso City Police Department, Ruidoso, Lincoln County, New Mexico; and the Routt County Sheriff's Office, Routt County, Colorado, [Defendants].**

**No. 81–K–1649.**

United States District Court,
D. Colorado.

July 15, 1982.

Jerre W. Dixon, Denver, Colo., for plaintiff.

Thomas J. Chamberlin, Steamboat Springs, Colo., for Hammock and DeLuca.

Bruce L. Herr, Santa Fe, N. M. and Charles L. Casteel, Denver, Colo., for D. W. Pfeffer and Ruidoso Police Dept.

### ORDER

KANE, District Judge.

This is a civil rights action, pursuant to 42 U.S.C. § 1983, alleging false imprisonment under color of state law from events occurring on July 3–5, 1979. The plaintiff's complaint, read liberally, involves claims for relief under four different theories: § 1983, § 1981, common law false imprisonment and a *Bivens* claim under the 14th Amendment. This matter is now before me on the defendants' motions to dismiss and for summary judgment, pursuant to Rules 12(b)(6) and 56(b).

The defendants claim that this entire action is barred by the limitations periods contained in C.R.S. §§ 13–80–102, 13–80–106 (1973). Section 13–80–102 limits actions based on false imprisonment to one year. This period is extended to two years in actions based on federal statutes by § 13–80–106. *See Zuniga v. AMFAC Foods, Inc.*, 580 F.2d 380, 385–86 (10th Cir. 1978). Since § 1983, § 1981 and the 14th Amendment are silent on the question of statute of limitations, 42 U.S.C. § 1988 authorizes the incorporation of state statutes of limitations where state law is not inconsistent with federal law. *Cf. Sager v. Woodland Park*, 543 F.Supp. 282 (D.Colo., 1982). Under this analysis, the Tenth Circuit has held that the most analogous state limitations period should be used. *See Zuniga* at 383. Further, accrual of the limitations period occurs when the plaintiff has either actual or constructive knowledge of the injury, under both state and federal accrual rules. *Compare* C.R.S. § 13–80–116 *with Bireline v. Seagondollar*, 567 F.2d 260, 263 (4th Cir. 1977).

I find that the state one-year limitations period, applicable to false imprisonment actions, is the most analogous state limitations period and that such period is extended to two years by § 13–80–106. Accordingly, the two-year limitations period is applicable to the federal statutory and constitutional claims and the one-year period is applicable to the common law claim. I further find that the plaintiff's cause of action accrued on July 5, 1979, at the end of the allegedly wrongful confinement. Accordingly, the plaintiff's claims, filed on September 17, 1981, are barred by the applicable limitations periods. I note further that if this action were not barred by limitations, I would dismiss it for failure to state claims upon which relief may be granted. The § 1983 and 14th Amendment claims fall within the Supreme Court's proscription

in *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) and the § 1981 claim is inadequate since there are no allegations of discrimination on the basis of race or other less-favored class status. *See Lafore v. Emblem Tape*, 488 F.Supp. 824 (D.Colo.1978).[1] The pendent common law claim, while facially valid, would have nothing from which to append and would therefore, lack a basis of federal subject-matter jurisdiction.

Accordingly, it is hereby

ORDERED that the motions to dismiss and for summary judgment are granted. This case and civil action is dismissed. Each party to bear his or its own costs.

---

1. I reject the defendants' contentions that this action would be barred for failure to exhaust administrative remedies, *see Patsy v. Florida Board of Regents*, —— U.S. ——, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), or due to the

Supreme Court's opinion in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *see Howse v. DeBerry Correctional Institute*, 537 F.Supp. 1177, 1178–81 (M.D.Tenn. 1982).