No. 21471.

CONTRACTORS HEATING AND SUPPLY CO., A COLORADO CORPORATION *v.* GLADYS G. SCHERB AND SCHERB HEATING COMPANY, A COLORADO CORPORATION.

(432 P.2d 237)

Decided October 2, 1967.    Rehearing denied October 23, 1967.

Feder, Morris & Feder, Larry L. Hopkins, for plaintiff in error.

L. F. Butler, Robert G. Pierce, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THE only issue on this writ of error is whether the corporate veil of Scherb Heating Company, a Colorado corporation, should be pierced to hold Gladys G. Scherb, an officer of the corporation, personally liable for a debt owing the ·plaintiff in error (Contractors). By consent, judgment for $5,132 was entered in favor of Contractors and against the corporation.

Trial was to the court. At the conclusion of the Contractors' evidence, which sought to show that Gladys G. Scherb should be personally liable, she moved to dismiss. The motion was granted and the trial court found in general that Contractors' evidence was insufficient to justify piercing the corporate veil to hold Mrs. Scherb personally liable for the corporation's debt to Contractors. Specifically the court found that there was a total absence of evidence of fraud committed or contemplated by Mrs. Scherb as to Contractors or other creditors.

Accordingly, judgment was entered in favor of Mrs. Scherb and the Contractors' complaint as to her was dismissed. From this judgment, Contractors bring this writ of error claiming that Mrs. Scherb's acts, conduct, and manner of conducting the corporation's business, as a matter of law, amounted to fraud on creditors. Therefore, the corporate veil should be cast aside and Mrs. Scherb should be held to be personally liable for Contractors open account bills against the corporation.

Certain background facts as shown from the record are briefly summarized for a fuller understanding of what precipitated this controversy.

For a number of years, Vord Scherb, doing business as Scherb Heating, purchased supplies from Contractors. Both before and after incorporation, Contractors was the principal supplier. In September 1961, after Vord Scherb was diagnosed as a terminal cancer victim, his business was incorporated and became known as Scherb

Heating Company. At this time, approximately $5,100 was owing Contractors. This debt was assumed by the corporation and Contractors, with knowledge of the incorporation, continued to do business with it. From the date of incorporation to the close of the corporate business in August 1962, the corporation paid Contractors $8,705 on open account and $5,008 on C.O.D. deliveries.

In December 1961, Vord Scherb died and his widow, the defendant in error, assumed control and became president of the corporation. She drew a salary of $100 per week until February 1962 when she began drawing a salary of $250 per week. She also took a chattel mortgage on office furniture as security for $4,000 she advanced the corporation to pay expenses. The mortgage was recorded and later foreclosed. She realized approximately $400 from the foreclosure sale.

Admittedly, the corporation was operated with a lack of formality or attention to the normal requirements of conducting the affairs of a corporation.

██ Contractors contend that the evidence, which in substance portrays the above facts, formulates a sufficient basis for the trial court to find as a matter of law that fraud is involved and that Mrs. Scherb should be held responsible for the Contractors' bills. We do not agree with this proposition. The court's findings negate the existence of fraud and we will not, upon our analysis of the evidence and the record, go behind these findings. Standing alone, informalities in the conduct of a corporate business do not form a basis for piercing the corporate form. The evidence in the record of this alone without fraud or some other wrong being perpetrated is insufficient to hold Mrs. Scherb personally liable.

██ It is generally held that under certain circumstances the corporate form may be disregarded where justice requires such action, and personal liability will then be imposed upon those persons who stand behind

the corporate form as a shield. The corporate form, however, will not be disregarded unless a clear showing is made that it was used to perpetrate a fraud or defeat a rightful claim. See 1 Fletcher, *Cyclopedia Corporations* § 41 (rev. ed. 1963).

In *Lindsay v. Marcus*, 137 Colo. 336, 325 P.2d 267, we stated:

"We have held too often to require the citation of authority, that when a case is tried to the court and there is adequate evidence to support the findings and judgment of the trial court, it will not be disturbed on review."

■■ We have reviewed the record in this case and find adequate evidence for the support of the findings and judgment of the trial court. We also find that there is no issue of law presented for our consideration.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE McWILLIAMS concur.