470 P.2d 921 (1970)
Henry LINKER, Executor of the Estate of Henry Linker, Deceased and Henry LeRoy Linker, also known as Henry L. Linker, Clarence Lee Linker, also known as Clarence L. Linker and Alvin E. Linker, Plaintiffs in Error,
v.
Gretta LINKER, Defendant in Error.
No. 70-051. (Supreme Court No. 23028.)
Colorado Court of Appeals, Div. II.
March 24, 1970.
Rehearing Denied April 9, 1970.
Certiorari Denied May 28, 1970.
*922 Sandhouse & Sandhouse, Sterling, for plaintiffs in error.
Sherman E. Walrod, Holyoke, Francis A. Benedetti, Wray, for defendant in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
This writ of error seeks reversal of the judgment of the district court declaring an antenuptial agreement void.
The defendant in error was the plaintiff below; plaintiffs in error were the defendants below. The parties will be referred to herein as they appeared in the trial court.
The plaintiff was a German National who entered the United States in 1950 and became a citizen in 1955. She met her intended husband, Henry Linker, in September or October of 1960. The antenuptial *923 agreement was signed on November 30, 1960, and they were married on December 19, 1960. At the time of this marriage Henry Linker was 66 and the plaintiff was 45. Both the plaintiff and Henry Linker had been married before and had living children. On July 10, 1965 Henry Linker died. This action was commenced April 15, 1966. The agreement in question provides that "[E]ach of said parties does waive and renounce any legal and statutory rights that might under any law be set up against any part or parcel of the estate of the other. * * *"
The defendants' principal assignment of error is that the plaintiff failed to sustain her burden of proof.

1. PROOF OF FRAUD
We agree with defendants' contention that the party contesting the validity of an antenuptial agreement has the burden of proving fraud, concealment or failure to disclose material information. Moats v. Moats, Colo., 450 P.2d 64; In Re Estate of Stever, 155 Colo. 1, 392 P.2d 286. However, we find that the trial court's conclusion that there was constructive fraud and the plaintiff had been overreached was amply supported by the evidence. The plaintiff satisfied her burden of proof.
We do not feel that the fact that plaintiff had a general knowledge of the assets of Henry Linker when she signed the agreement in question is controlling. Particularly is this so in the light of the other evidence which supported the trial court's findings that at the time the plaintiff signed the antenuptial agreement she was unsophisticated and understood very little English; had no knowledge as to her property rights as the wife of a Colorado citizen; did not understand the purported legal effect of the agreement; nor had any knowledge of the actual value of Henry Linker's assets.
The testimony of the attorney who prepared the agreement that he told the plaintiff the effect of the agreement and asked her if she understood and the plaintiff answered "Yes," must be weighed and examined in the context of other evidence relating to plaintiff's ability to comprehend the overall effect of the agreement. The plaintiff, in giving her testimony, repeatedly referred to the antenuptial agreement as a "will" and testified that Henry Linker had told her that he was taking her to his lawyer's office to sign a will. A will was signed by Henry Linker at the same time and place as the antenuptial agreement, but this will was subsequently revoked by a new will, which did not include the same provisions for the plaintiff. The antenuptial agreement was drawn by Henry Linker's attorney. The plaintiff was not represented by separate counsel. The agreement itself recites that each of the parties possessed a considerable estate, but the evidence disclosed that whereas Henry Linker had assets in excess of $100,000.00, the plaintiff had only some furniture and a 1955 Ford.
Moreover, findings of fact should not be disturbed on appeal where there is sufficient evidence in the record to sustain the determination of such facts by the trial court. Contractors Heating and Supply Co. v. Scherb, 163 Colo. 584, 432 P.2d 237.

2. BARRING OF ACTION
The defendants further contend that this action, grounded in fraud, is barred by the applicable statute of limitations, i.e., C.R.S.1963, 87-1-9, and by laches. We rule here, as have the majority of other jurisdictions, that statute of limitations and laches do not run as between husband and wife during the continuance of the marital relationship. Annot., 121 A.L.R. 1382; 34 Am.Jur. Limitation of Actions, § 377. As stated in the latter compilation:
"* * * The * * * reason for the rule * * * is the policy of the law to refrain from fostering domestic discords which would be sure to follow from litigation between the spouses instituted for fear that the bar of the statute would attach by lapse of time." (p. 293)
*924 3. ADMISSIBILITY OF EVIDENCE
The defendants also assign as error the trial court's admitting into evidence a copy of the revoked will which Henry Linker executed when the antenuptial agreement was signed. Defendants' objection appears to be twofold. First, there was no basis in the pleading for the admission of the will; and second, the will was immaterial. R.C.P.Colo. 8(f) provides that: "All pleadings shall be so construed as to do substantial justice." The plaintiff, in paragraph X of her complaint, alleged that "* * * in view of all the circumstances, the antenuptial agreement was not fair, equitable or reasonable * * *." The will was certainly part of the circumstances surrounding the execution of the antenuptial agreement. It was therefore material and in conformity with the pleadings.
The judgment is affirmed.
COYTE and DWYER, JJ., concur.