600 P.2d 84 (1979)
Norma G. D'AMICO, Plaintiff-Appellant,
v.
Roger W. SMITH, Defendant-Appellee.
No. 78-287.
Colorado Court of Appeals, Div. I.
April 19, 1979.
Rehearing Denied May 10, 1979.
Certiorari Denied September 4, 1979.
*85 Robinson-Scheurer, P. C., George J. Robinson, Michael D. Boster, Lakewood, for plaintiff-appellant.
Towey & Zak, James J. Zak, William S. Silverman, Denver, for defendant-appellee.
SILVERSTEIN, Chief Judge.
Concluding that plaintiff's cause of action was barred by the applicable statute of limitations, the trial court granted defendant's motion to dismiss. Plaintiff appeals and we reverse.
The parties, formerly husband and wife, executed a property settlement agreement which was incorporated in their decree of divorce entered in November 1967. The property settlement stated the parties had executed a Joint Venture Agreement which authorized defendant to manage and control the venture's enumerated assets for the benefit of the parties and which provided that the parties would share equally in net proceeds realized from the sale of the assets.
In the Joint Venture Agreement, defendant promised, among other things, to make an annual accounting to plaintiff on April 15th each year and to pay over any proceeds shown to be due by such accounting. By agreement, the venture would continue until sale of the final assets and a final accounting.
Neither the first accounting, due April 15, 1968, nor any subsequent accountings were made to plaintiff. Plaintiff made written demands for accountings in 1970 and 1976, but defendant failed and refused to respond to the requests.
Plaintiff filed her complaint in February 1977, asking the court to invoke its equitable powers to order an accounting by defendant, to impose a constructive trust on the joint venture assets and upon sums received by the venture, and to grant judgment against defendant for sums shown by the accounting to be due plaintiff. In his answer, defendant asserted, among other things, that plaintiff's claims were barred by laches and by the statutes of limitations in §§ 13-80-110 and 13-80-114, C.R.S. 1973.[1]
The trial court held that defendant's failure to make annual accountings was a material breach of the contract and that the cause of action, whether in law or in equity, accrued on April 15, 1968, when the first accounting was due. The court ruled the six-year statute of limitations, § 13-80-110, C.R.S. 1973, applicable to the action and dismissed the complaint because the limitations period had run. We do not agree.
First the statute of limitations is not applicable to this equitable action for specific performance. Setchell v. Dellacroce, 169 Colo. 212, 454 P.2d 804 (1969); Heuschkel v. Wagner, 78 Colo. 61, 239 P. 873 (1925). Further, defendant's obligations under the agreement are executory in nature, maturing into enforceable duties on a yearly basis. Since the duty to account and pay over annually is continuing as long as the joint venture continues, a breach by defendant in failing to make any one accounting is a partial, not a total breach, because defendant may choose to perform at the time his next executory obligation matures into a duty. Restatement of Contracts § 316. And, plaintiff's claim for relief from defendant's failure to perform accrues with each delinquent performance. L. C. Fulenwider, Inc. v. Ginsberg, 36 Colo. App. 246, 539 P.2d 1320 (1975).
However, the doctrine of laches will operate to bar a claim if it is stale. Loveland Camp No. 83 v. Woodmen Building & Benevolent Ass'n, 108 Colo. 297, 116 P.2d 195 (1941). In Loveland Camp, supra, the Supreme Court held that whether a claim was barred is a question of fact, and stated:
"The essential element of laches is unconscionable delay in enforcing a right under the circumstances, usually involving a prejudice to the one against whom the claim is asserted. `The absence of diligence *86 in compelling specific performance of a contract has long since become crystallized and the legal term "laches," which is incapable of an exact definition, and dependent upon neither the lapse of time nor the force of those statutes which in actions at law determine generally the plaintiff's rights. The defense of laches is in no sense dependent on the statute of limitation.' 24 Words and Phrases, Perm. Ed., 80."
The Court further held that not only the length of time but also the reasons for the delay, are to be considered.
Therefore the cause must be remanded for a determination, based on the facts and the elements above set forth, as to which, if any, of plaintiff's claims may be barred by laches, and for the determination of any other issues raised by the pleadings.
The judgment is reversed and the cause remanded for further proceedings consonant with the views expressed herein.
COYTE and PIERCE, JJ., concur.
NOTES
[1] Section 13-80-108, C.R.S. 1973, not having been pled, its applicability, if any, has been waived. C.R.C.P. 8(c); Bernklau v. Stevens, 150 Colo. 187, 371 P.2d 765 (1962).