cause why further relief should not be granted forthwith."

■ With the admissions and the record providing the posture for appeal, no further delay is to be countenanced and the district court is accordingly reversed. We now direct the district court to order that the original application for a building permit by SSA, with its accompanying fees, be accepted by Georgetown and that the application for a building permit be promptly processed and issued.

### III.

The second issue before us goes to the damage claim asserted by SSA for failure of Georgetown to issue a building permit. Evidence was admitted which established that SSA suffered substantial losses by reason of the delay and refusal of Georgetown to grant the building permit. On appeal it is asserted that the Colorado Governmental Immunity Act bars such a claim. *See* section 24–10–101, *et seq.*, C.R.S. 1973. Questions of notice and of individual liability are asserted for the first time on appeal.

■ In light of the defenses which are now raised in this Court, we remand this case to the district court for further consideration of the issues relating to damages.

Accordingly, the district court is reversed and the case is remanded for further proceedings consistent with the views and directions set forth in this opinion.

GROVES and DUBOFSKY, JJ., do not participate.

Helen M. HILL, as Personal Representative of the Estate of Sam Hill, Deceased, Plaintiff-Appellee,

v.

James R. DEARMIN, and Joseph Dearmin, d/b/a Dearmin Brothers Excavating and Dearmin Brothers Excavating, Inc., a Colorado Corporation, Defendants-Appellants.

No. 78–572.

Colorado Court of Appeals, Division III.

March 20, 1980.

Flanders, McCarty, Wood & Sonnesyn, Robert A. Schuetze, Longmont, for plaintiff-appellee.

Boatright & Boatright, Gerald E. Boatright, Wheat Ridge, for defendants-appellants.

SMITH, Judge.

Defendant James Dearmin appeals a judgment of the trial court holding him personally liable for certain liabilities of Dearmin Brothers Excavating, Inc. He alleges that the trial court erred in determining that he was the "alter ego" of the defendant corporation. We reverse.

Dearmin Brothers Excavating, Inc., (the corporation) was incorporated in Colorado in September 1967. In 1972 James Dearmin became its president. In 1975 the corporation experienced severe cash flow problems which were aggravated by the fact that several creditors who owed the corporation substantial amounts of money became bankrupt.

The corporation owed a large sum of money to First Commercial Corporation, which amount was secured by the machinery of the corporation. First Commercial Corporation foreclosed upon the property, sold it, and satisfied its debt. The balance from the sale which went to the corporation was approximately $30,000. This $30,000 was used to settle several of the obligations of the corporation at the rate of fifty cents on the dollar. Throughout the time they were involved with the corporation, James Dearmin and his wife loaned approximately $38,000 of their own funds to the corporation and personally guaranteed several loans that were made to the corporation.

Plaintiff's decedent, Sam Hill, an agent for Standard Oil Company, sold oil products to Dearmin Brothers, Inc., and when his bill for $6,268.46 was not paid, commenced this action. After trial, Sam Hill died, and Helen Hill, as personal representative, was substituted as a party.

In holding that James Dearmin is personally liable, the trial court, citing *Fink v. Montgomery Elevator Co.*, 161 Colo. 342, 421 P.2d 735 (1966), stated:

"To establish the alter ego doctrine it must be shown that the stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs; that there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist; and to adhere to the doctrine of corporate entity would promote injustice or protect fraud."

The trial court then found that James Dearmin borrowed money on behalf of the corporation, collected money, and paid back loans of the corporation from his private funds, and made all the decisions for the corporation relative to the day-to-day operation of the business. Although the trial court found that "James R. Dearmin . . . was [the corporation's] sole shareholder, director, and officer," we construe this language to mean that, in addition to being the sole stockholder, he was also an officer and a director, since the annual reports of the corporation, which were admitted into evidence, clearly demonstrate that there were other directors and officers in the corporation.

■ We conclude that the trial court's findings do not justify imposition of personal liability. Here, when James Dearmin loaned personal funds to the corporation, or personally guaranteed loans made to the corporation, it was for the benefit of the corporation, to help it meet its cash flow problems, and there exists no evidence indicating that it was for the furtherance of James Dearmin's personal affairs. He took no money from the corporation, other than his authorized salary, and there is no evidence of any fraud in the record. *Cf. Rosebud Corp. v. Boggio*, 39 Colo.App. 84, 561 P.2d 367 (1977).

It would frustrate the purposes of the corporate law to expose directors, officers, and shareholders to personal liability for the obligations of a corporation when they, in their individual capacities, contribute funds to, or on behalf of, a corporation for the purpose of assisting the corporation to meet its financial obligations, and not for the purposes of perpetrating a fraud or promoting their personal affairs. *Cf. McHugh v. FICOR, Inc.,* —— Colo.App. ——, 611 P.2d 578 (1979). Thus, because the facts do

not demonstrate that the corporation was a "mere instrumentality for the transaction of [the stockholders] own affairs," *Fink, supra,* or that the corporation was used to perpetrate any fraud or to defeat any rightful claim, *Contractor's Heating & Supply Co. v. Scherb,* 163 Colo. 584, 432 P.2d 237 (1967), we conclude that the trial court erred in setting aside the corporate form and in imposing personal liability.

Because Joseph Dearmin, by plaintiff's admission, was never served and thus was never made a party to this action, the judgment against him must be dismissed. Furthermore, because we have concluded that Dearmin Brothers was a corporation, and that the obligation remained a corporate one, the judgment against James Dearmin and Joseph Dearmin, d/b/a Dearmin Brothers Excavating must likewise be reversed.

We have considered plaintiff's other assertions, including the argument that James Dearmin personally guaranteed payment of the obligation, and we find them to be without merit.

The judgments are reversed.

VAN CISE and STERNBERG, JJ., concur.