Rene E. LAFOND and Gloria J. LaFond, Plaintiffs-Appellees,

v.

Charles BASHAM, Defendant-Appellant.

No. 81CA0908.

Colorado Court of Appeals, Div. I.

May 24, 1984.

Moye, Giles & O'Keefe, Teryl R. Gorrell, Denver, for plaintiffs-appellees.

George Alan Holley & Associates, P.C., Dennis B. Polk, Golden, for defendant-appellant.

METZGER, Judge.

Defendant, Charles Basham, appeals the trial court's judgment entered against him for breach of contract. We affirm.

In May 1978, plaintiffs, Rene and Gloria LaFond, entered into a $19,000 home remodeling contract with Colorado Builders of Englewood, Inc., and made a $9,500 down payment. Work began on the project, but was abandoned a short time later. The value of the work done was $2,842.71, and the LaFonds were later required to satisfy a mechanic's lien from a materials supplier.

The LaFonds sued Colorado Builders of Englewood, Inc. (Builders), Colorado Patio and Awning Co. (Patio), Charles Basham, and Mark C. Basham, his son. The corporate defendants admitted liability, and the only issue tried as to them was damages. The claim against Mark C. Basham was dismissed during trial. After trial to the court, judgment was entered against Builders, Patio, and Charles Basham, individually, for $7,670.29 plus interest at 8 percent from the date of the breach.

On appeal, Basham asserts that the trial court erred in holding him individually liable since (1) he claims he was given inadequate notice of the LaFonds' claim against him for personal liability; (2) he was not a stockholder in either Builders or Patio; (3) the evidence was insufficient to impose individual liability as to him; and (4) the award of prejudgment (moratory) interest was improper.

I.

Basham's assertion that he was given inadequate notice of the LaFonds' personal liability claim against him is unsupported by the record.

■ A pleading in Colorado need only serve notice of the claim asserted, *Blake v. Samuelson*, 34 Colo.App. 183, 524 P.2d 624 (1974), since the substance of the claim rather than the appellation applied to the pleading by the litigant controls. *Central City Opera House Ass'n v. Brown*, 191 Colo. 372, 553 P.2d 64 (1976); *Maes v. Tuttoilmondo*, 31 Colo.App. 248, 502 P.2d 427 (1972). Thus, if under the facts, the substantive law provides relief on any theory, the cause should proceed to judgment. *D'Amico v. Smith*, 42 Colo.App. 369, 600 P.2d 84 (1979).

The pleadings here put Basham on notice that the LaFonds sought to hold him personally liable based on equitable principles. While several paragraphs of the complaint contained factual allegations that Basham was the "alter ego" of the corporations, the complaint also alleged that: "[A]dherence to the separate existence of the corporate defendants and the individual defendants would, under the circumstances, sanction a fraud or promote an injustice against plaintiffs." Thus, there were sufficient facts and theories alleged to conform to the requirements of C.R.C.P. 8.

## II.

Basham asserts that the trial court properly concluded that only shareholders can be liable for corporate debts, and, since he was not a shareholder in either Patio or Builders, the court correctly ruled he was not liable under § 7–5–114, C.R.S. However, he argues neither the facts nor the law support the trial court's imposition of liability on him based on a common law theory. We disagree.

■ Section 7–5–114(9), C.R.S., provides that corporate directors are liable under all situations enumerated in § 7–5–114, C.R.S., "in addition to any other liabilities imposed by law on directors of a corporation." A corporate entity may be disregarded and corporate directors may be held personally liable if equity so requires. *Rosebud Corp. v. Boggio*, 39 Colo.App. 84, 561 P.2d 367 (1977); *see also Gutheil v. Polichio*, 103 Colo. 426, 86 P.2d 972 (1939);

*Nix v. Miller*, 26 Colo. 203, 57 P. 1084 (1899). If adherence to the corporate fiction would promote injustice, protect fraud, defeat a legitimate claim, or defend crime, the invocation of equitable principles for the imposition of personal liability may occur. *Fink v. Montgomery Elevator Co.*, 161 Colo. 342, 421 P.2d 735 (1966); *Hill v. Dearmin*, 44 Colo.App. 123, 609 P.2d 127 (1980).

Here, the trial court found that Charles Basham ran the business of both Patio and its subsidiary, Colorado Builders, as he saw fit, was a member of the board of directors, was an officer, and clearly dictated all policy and activity on the part of both Patio and Colorado Builders. The record shows, and the trial court found, that Basham testified that "he ran the companies," and that no one could overrule his decisions except the Board of Directors, of which he was a member. The court further found, based on uncontradicted testimony, that "the Board of Directors had never, at any time, overruled any of [Basham's] decisions." He alone determined when he would draw money from the corporations, when he would loan money to the corporations, how and when the money would be repaid to him, where the corporations would rent office space, which they did in a building he owned. He used corporate funds for the payments on that building.

The trial court found that Basham did not own stock in the corporations, but, as president and general manager, he clearly dominated both his wife and son, the only stockholders, insofar as corporate policy, activities, funds, and other corporate matters were concerned. As Basham testified, "The rule was, that I owned the corporation ...." When the corporations arrived at virtual insolvency status, he demanded, to the detriment of other creditors, payment upon his notes, which allegedly were due him at the time, and he took over corporate assets to the detriment of other creditors, including the LaFonds.

■■ The trial court's findings are well supported by the evidence, and we may not

disturb them on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979). As we determined in *Rosebud Corp. v. Boggio, supra,* involving similar facts, to allow a director to hide behind the cloak of the corporation would promote injustice in that it would allow the actions of a director who used assets of a corporation for his personal gain to defeat the valid claim of a creditor.

The trial court's misstatement of the law, to the effect that it could not pierce the corporate veil since Basham was not a stockholder of either Builders or Patio, is mere surplusage, *Shearer v. Snyder*, 115 Colo. 232, 171 P.2d 663 (1946), and we will not disturb the trial court's decision merely because it assigned one incorrect reason for it. *See Klipfel v. Neill*, 30 Colo.App. 428, 494 P.2d 115 (1972).

### III.

Basham's final contention, that the trial court improperly awarded prejudgment interest, is without merit. Section 5–12–102, C.R.S., allows a plaintiff interest from the time the action accrues. *Isbill Associates, Inc. v. City & County of Denver*, 666 P.2d 1117 (Colo.App.1983).

The judgment is affirmed.

PIERCE and BERMAN, JJ., concur.