**Jerry A. WARD, Plaintiff-Appellee,**

v.

**Joseph K. COOPER, individually and as President of Gourmet Dining, Inc., a Colorado corporation, Defendant-Appellant.**

**No. 81CA0819.**

Colorado Court of Appeals,
Div. II.

July 26, 1984.

Hughes & Connell, Barbara B. Hughes, Littleton, for plaintiff-appellee.

Sherman & Howard, Craig R. Maginness, Denver, for defendant-appellant.

KELLY, Judge.

The defendant, Joseph K. Cooper, appeals the judgment of the trial court holding him personally liable for a corporate debt of co-defendant, Gourmet Dining, Inc. The issue before us is whether the trial court correctly ruled that Gourmet Dining, Inc., was the alter ego of Joseph K. Cooper. We affirm.

The following facts are uncontroverted. Gourmet Dining, Inc., (Dining) was incorporated in March 1977 and was engaged in the business of publishing an album containing restaurant menus for display in hotel lobbies. Joseph Cooper and his wife, Debra, owned 85 percent of the outstanding stock, served as president and secretary-treasurer respectively, and were directors of the corporation. In November 1977, the plaintiff, Jerry A. Ward, entered into a franchise agreement with Dining giving him the right to market the album in the Colorado Springs area.

In March 1978, Gourmet's Choice, Inc., (Choice) was incorporated by the Coopers for the purpose of publishing a dining magazine to attract a resident, rather than a tourist, market. The Coopers were directors and held 70.5 percent of the outstanding shares. However, Mile High Gourmet, a magazine with the same marketing approach, was already being published in the Denver area. Accordingly, Dining bought Mile High Gourmet and later sold it to Choice.

By July 1978, Dining was having financial difficulties and agreed to repurchase Ward's franchise at $100 down and $100 per month for twenty-four months. Dining made payments until April 1979, at which time $800 had been paid. This suit was brought by Ward to recover the remaining $1,700. Default judgment was entered against Dining, and the case went to trial to the court on the issue of Joseph Cooper's individual liability.

In bench findings, the trial court noted that there was no fraud practiced against Ward and that Cooper had scrupulously observed the requirements of law in the technical operation of Dining and Choice. Nevertheless, the court found, based on supporting evidence, that Cooper dominated and controlled the operation of the two corporations; that Cooper used funds from Dining to benefit Choice; that there was no one in the management of Dining to overrule the decisions of Cooper in the corporate dealings with third parties; and that Cooper effected the repurchase of his stock by the corporation in order to avoid future personal liability which might arise from the conduct of a former corporate employee. Contrary to Cooper's assertions, these findings are sufficient to justify the trial court's conclusion that the corporation was Cooper's alter ego. *See Rosebud Corp. v.*

*Boggio,* 39 Colo.App. 84, 561 P.2d 367 (1977).

As noted in 1 *W. Fletcher, Cyclopedia of the Law of Private Corporations* 388 (rev. perm. ed. 1980): "[P]ractically all authorities agree that under some circumstances in a particular case the corporation may be disregarded as an intermediate between the ultimate person or persons or corporation and the adverse party." This court has recently reached such a conclusion in *La-Fond v. Basham,* 683 P.2d 367 (Colo.App. 1984), in which we said:

> "A corporate entity may be disregarded and corporate directors may be held personally liable if equity so requires.... If adherence to the corporate fiction would *promote injustice,* protect fraud, *defeat a legitimate claim,* or defend crime, the invocation of equitable principles for the imposition of personal liability may occur." (emphasis supplied)

Here, the trial court ruled that Cooper's preference of one creditor over another, his transaction with Mile High Gourmet, and his exclusive management of Dining operated to defeat Ward's legitimate claim. Although we are not bound by the trial court's conclusion, *Masinton v. Dean,* 659 P.2d 50 (Colo.App.1982), there is evidence to support these findings and the conclusions which follow and we therefore reach the same conclusions on review. *See La-Fond v. Basham, supra.*

The judgment is affirmed.

SMITH and BERMAN, JJ., concur.