**CITY OF FORT COLLINS, a Colorado municipal corporation, Plaintiff–Appellee,**

v.

**BROWN FARM JOINT VENTURE, a Colorado joint venture; John R.P. Wheeler, an individual; and Robert Martin, an individual, Defendants–Appellants.**

No. 90CA698.

Colorado Court of Appeals, Div. III.

June 6, 1991.

Rehearing Denied July 11, 1991.

Certiorari Denied Oct. 28, 1991.

Anderson, Sommermeyer, Wick & Dow, Mayo Sommermeyer, Robert J. Penny, Fort Collins, Colo., for plaintiff-appellee.

Wyatt & Martel, James A. Martell, Fort Collins, Colo., for defendants-appellants.

Opinion by Judge PLANK.

In this action premised on a claim of breach of contract, defendants, Brown Farm Joint Venture, John R.P. Wheeler, and Robert Martin, appeal the summary judgment entered against them and in favor of the City of Fort Collins. We affirm the judgment.

The issue is presented upon agreed facts. Wheeler Realty Company as owner applied to the City for approval of a plan to develop certain property known as Brown Farm Sixth and Seventh Filings (the Farm). The plan was approved, and Wheeler Realty and the City entered into a residential subdivision agreement in 1979.

The agreement required Wheeler Realty to make certain improvements to Drake Road, a street bordering the subdivision. However, Wheeler Realty did not construct the improvements, and in 1981, it conveyed the Farm by deed to Brown Farm Joint Venture, comprised of John Wheeler and Robert Martin. The joint venture continued with the development of the property and made some of the other improvements but did not undertake the Drake Road improvements.

The record indicates that John Wheeler was a principal in Wheeler Realty, and it is admitted that, although the subdivision agreement was not recorded, John Wheeler had actual knowledge of its terms and conditions.

The City brought suit against defendants for breach of contract and sought damages for the construction of the street improvements. In its motion for summary judgment, the City argued the subdivision agreement constituted covenants running with the land, making defendants, as successors in interest to the covenantor, Wheeler Realty, liable for breach. The City alternatively argued defendants were liable upon a theory of unjust enrichment. The district court agreed that defendants were bound by the asserted real covenants and further agreed that the City was entitled to judgment upon the alternative equitable claim as well.

Defendants now argue the court erred in its characterization of the subdivision agreement, insisting that the covenant to improve the road was merely personal and, therefore, not binding upon them. Even if we assume that the covenant is not properly characterized as one that runs with the land, we conclude that the decision of the trial court was correct, and there is no reason for reversal. *See LaFond v. Basham*, 683 P.2d 367 (Colo.App.1984).

It is clear from the record that defendants continued to develop and market the subdivision. They apparently installed water lines, electric lines, and storm sewer facilities, all as required by the subdivision agreement. The agreement itself recites that the subdivision plat was approved subject to the construction of improvements, including Drake Road.

■ The City may condition approval of a subdivision plat on the requirement that the developer make improvements. *See Bethlehem Evangelical Lutheran Church*

*v. City of Lakewood,* 626 P.2d 668 (Colo. 1981).

 Defendants pursued development of the Farm and received the benefit of the City's approval of the subdivision plat. Also, John Wheeler had actual knowledge of the terms and conditions of the agreement, and such knowledge is imputed to Wheeler Realty's successor in title, Brown Farm Joint Venture. *In re Arbitration between Lynch & Three Ponds Co.,* 656 P.2d 51 (Colo.App.1982).

In such a case, equity will not permit one who accepts benefits to repudiate or avoid the instrument or transaction under which he received them. *Fitzwater v. Norcross,* 95 Colo. 527, 37 P.2d 522 (1934). Hence, defendants cannot now object to their duty under the agreement from and of which they derived an advantage and had full notice.

Judgment affirmed.

TURSI and CRISWELL, JJ., concur.