**The PEOPLE of the State of Colorado, Appellee,**

**In the Interest of A.R.M., Juvenile–Appellant,**

**and Concerning R.M., Respondent.**

**No. 91CA0753.**

Colorado Court of Appeals, Div. A.

April 23, 1992.

Rehearing Denied May 21, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Timothy R. Twining, Asst. Atty. Gen., Denver, for appellee.

Hilary Holland, Westminster, for juvenile-appellant.

No appearance for respondent.

Opinion Chief Judge STERNBERG.

A.R.M., a juvenile previously adjudicated as a delinquent, was charged with several counts of delinquency, and he entered into a plea bargain relative thereto. Pursuant to § 19–2–801, C.R.S. (1991 Cum.Supp.), the commissioner imposed a mandatory sentence to the Department of Institutions. Thereafter, in a hearing on the People's motion for restitution, the commissioner ordered the juvenile to pay the amount of $1,194.35 for damage to a fence. He con-

tinued the People's request for a second restitution claim for damage to a car until their witness could testify; however, the People did not request a second hearing. Upon review, the district court affirmed the restitution order.

The juvenile appeals, arguing that the order was not based on appropriate findings of fact and conclusions of law as required by the Colorado Children's Code. We agree and remand for findings.

### I.

■ At the outset, we reject the People's contention that this appeal should be dismissed because the restitution order pertained to only one of two claims and, therefore, is not final.

The order was approved by the district court nearly four months after the restitution hearing before the commissioner. During that time, the People did not request an additional hearing regarding their second claim for restitution, and they have not provided this court with any reasons for not doing so. They may not now use their own lack of diligence to deny the juvenile's right to appeal. *D'Amico v. Smith*, 42 Colo.App. 369, 600 P.2d 84 (1979) (doctrine of laches operates to bar a stale claim).

We hold that the order became final when it was approved by the district court and may be appealed here.

### II.

■ The juvenile contends that neither the commissioner nor the district court made sufficient findings to meet the statutory requirements of the Children's Code. We agree.

Section 19–1–108(4), C.R.S. (1991 Cum. Supp.) provides that at the conclusion of a hearing before a commissioner, the commissioner shall advise the parties of his findings and rulings and of their right to have these reviewed by a judge and that he shall prepare findings and a written order which will become the order of the court, unless a petition for review is filed.

There is no evidence in the record of the commissioner's compliance with these provisions. Although the transcript contains testimony as to the amount of damage for which restitution was sought, the following statement by the commissioner falls short of the statutory requirement that he prepare findings:

It's up to me, huh? I'm going to order that he pay the $1194.35 for costs to place the victim back in the position he was prior to the damage done to the fence.

Nor is there a written order. Although the mittimus order to the Department of Institutions stated that restitution was a condition of parole, it was signed by the commissioner two months prior to the restitution hearing and thus does not satisfy the requirements of § 19–1–108(4).

Furthermore, given the lack of findings by the commissioner, the district court did not provide a sufficient record to support its affirmation of the commissioner's order. The court simply filled in the blanks in a preprinted form stating that it had received the petition for review and had examined any briefs filed by the parties. Only the juvenile filed supporting briefs, and the court did not hear oral arguments before making its decision.

Because the statutory requirements were not met, we remand with directions that the court make findings of fact and issue a written order in accordance with § 19–1–108(4).

### III.

For purposes of direction on remand, we address the question of what findings are necessary to support an order of restitution.

Section 19–2–703(4), C.R.S. (1991 Cum. Supp.) provides in pertinent part that:

If the court finds that a juvenile ... who is adjudicated a juvenile delinquent has damaged the personal or real property of a victim, ... the court *shall* enter a sentencing order requiring the juvenile to make restitution ...; except that the court shall not order restitution if it finds

that monetary payment or payment in kind would cause *serious hardship or injustice* to the juvenile. (emphasis added)

The juvenile argues that the statute requires the sentencing court to consider the ability to pay and that, when a juvenile is sentenced to incarceration, payment is impossible. The People, on the other hand, contend that the ability to pay at the time restitution is ordered is not relevant. They argue that an order is reasonable if it gives the juvenile sufficient latitude to comply at some time in the future and that inability to pay bars enforcement of a restitution order only if it is the basis for revocation of probation. We agree with the People.

■ In interpreting a statute, we presume that the General Assembly intended just and reasonable results, and we must seek to avoid interpretations leading to absurd results. *In re Petition of S.O.*, 795 P.2d 254 (Colo.1990). We also must consider the statutory scheme as a whole to give consistent, harmonious, and sensible effect to all its parts. *Charnes v. Boom*, 766 P.2d 665 (Colo.1988).

■ The Children's Code is to be liberally construed to serve the welfare of the child and the interests of society. *See* §§ 19–1–102(1)(a) and (2), C.R.S. (1986 Repl. Vol. 8B). Society has a compelling interest to insure that delinquent children do not become adult criminals. *See People in Interest of M.C.*, 750 P.2d 69 (Colo.App:1987) *aff'd*, 774 P.2d 857 (Colo.1989). Requiring restitution serves that interest by encouraging the juvenile to be responsible for the damage he has caused.

■ Section 19–2–703(4), C.R.S. (1991 Cum.Supp.) mandates the court to order restitution "in a reasonable amount to be paid in a reasonable manner" absent a finding or serious hardship or injustice to the juvenile. It also provides that parents, guardians, or legal custodians may be required to pay restitution under appropriate circumstances. In addition, § 19–2–704(8),

C.R.S. (1991 Cum.Supp.) requires that when a juvenile is released to parole supervision, the payment of any remaining restitution shall be a condition of parole. Each of these provisions indicates a legislative intent that, wherever possible, restitution should be required.

We note that there is a distinction between the conditions under which a court may make an initial order to pay restitution and the conditions under which it may revoke probation for failure to pay restitution. Also, in *People in Interest of M.H.*, 661 P.2d 1195 (Colo.App.1983), we held that when a court sentenced a juvenile to one year, but refrained from imposing a specific due date for restitution, it had sufficiently mitigated any hardship and that the sentence was within the scope of the statute.

■ In view of this holding and of the statutory provisions concerning restitution, we conclude that a court is not barred from imposing a restitution order when it sentences a juvenile to incarceration. Rather, at the time restitution is ordered, the court must make findings of the reasonableness of the restitution amount and the reasonableness of the repayment terms. In considering whether restitution would cause serious hardship or injustice to the juvenile, the court may consider family circumstances as well as the juvenile's potential ability to pay after his release from incarceration.

The order for restitution is vacated, and the cause is remanded for findings consistent with this opinion.

PIERCE and HODGES *, JJ., concur.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).