The PEOPLE of the State
of Colorado, Appellee,

In the Interest of J.L.R., a Child,

and Concerning L.R., Respondent–
Appellant. '

No. 93CA1809.

Colorado Court of Appeals,
Division I.

April 6, 1995.

---

No appearance for appellee.

Giese & Lake, Marna M. Lake, Grand Junction, for respondent-appellant.

Opinion by Judge METZGER.

L.R., the mother of J.L.R. (mother), an adjudicated juvenile delinquent, appeals the trial court's order requiring her to pay restitution to the victims of her son's delinquent act. We reverse and remand for further proceedings.

J.L.R., a minor, entered into a plea bargain by which he pled guilty to being adjudicated a delinquent by virtue of having committed acts that, if committed by an adult, would constitute accessory to murder in the first degree. At his sentencing hearing, mother was present in person, but was not accompanied by counsel.

After reviewing J.L.R.'s presentence report and hearing statements from members of the victim's family and from J.L.R., the trial court ordered J.L.R. to pay certain restitution amounts and further ordered mother to pay restitution of $3,500 to the victim's father and $3,500 to the victim's mother. Additionally, it ordered her to pay $2,500 to the Mesa County Victim's Compensation Fund.

Shortly thereafter, mother filed a motion for reconsideration and requested a hearing pursuant to the provisions of § 19–2–703(4), C.R.S. (1994 Cum.Supp.) on the payment issues. The trial court denied this motion, noting that: "These were issues at the sentencing hearing and were decided then."

### I.

Mother first contends that trial court erred in ordering her to pay restitution without first conducting a hearing to allow her to present evidence on the issue. We agree.

Section 19–2–703(4) provides:

If the court finds … that personal injury has been caused to a victim as a result of the juvenile's delinquent act, the court shall enter a sentencing order requiring the juvenile to make restitution for actual damages done to persons or property; except that the court shall not order restitution if it finds that monetary payment or payment in kind would cause serious hardship or injustice to the juvenile … Restitution shall be ordered in a reasonable amount to be paid in a reasonable manner, as determined by the court.

It goes on to provide:

The court may order the parent, guardian, or legal custodian of the juvenile to make restitution pursuant to the terms and conditions set forth in this subsection (4); except that the liability of the parent, guardian or legal custodian of the juvenile under this subsection (4) shall not exceed the damages as set forth in section 13–21–107, C.R.S., for any one delinquent act. If the court finds, after a hearing, that the parent, guardian or legal custodian of the juvenile has made diligent, good faith efforts to prevent or discourage the juvenile from engaging in delinquent activity, the court may absolve the parent of liability for restitution under this subsection (4).

Mother has not provided, and we are unaware of, any authority directly interpreting this requirement that a parent be obligated to pay restitution. However, since the issue of restitution has been the subject of several

appellate court decisions in the adult context, and since restitution is required both under the Children's Code and adult sentencing and probation statutes, the principles contained in the cases interpreting adult restitution statutes are helpful to our resolution of the issue here.

■ Three overriding requirements must be met before a restitution order can be valid.

First, the person who is required to pay restitution must receive adequate notice that the victim or the victim's family claims damages. Second, there must be notice of the amount of restitution requested. *See generally People v. Johnson*, 780 P.2d 504 (Colo. 1989) (discussing necessity for report, usually presentence report, containing this information).

The third factor is perhaps the most important. That is, that the person obligated to pay must be "given the opportunity to controvert the victim's claimed monetary damages." *People v. Johnson, supra*, at 508.

Here, the presentence report for J.L.R. provided that the damages sought by the victim's family totalled $9,393.97. Attached to the presentence report were receipts for these expenditures, including hospital and ambulance services, mortuary services, cemetery plot, and headstone cost.

However, there is nothing in the record that indicates that mother was advised either in writing or otherwise that she could be required to pay restitution. Although the trial court at J.L.R.'s sentencing hearing asked mother several times if she had anything to say or if she wished to be represented by counsel, there is no indication the trial court advised her of her potential liability.

Consequently, since mother was not given a meaningful opportunity to controvert the victim's family's claimed monetary damages, we conclude that the third factor contained in *People v. Johnson* has not been met here. Although she received notice of the amount requested, mother did not receive notice of her potential liability nor of her opportunity to challenge the validity of the amounts sought.

Moreover, because § 19–2–703(4) specifically allows a parent of a juvenile delinquent to present evidence concerning efforts made to prevent or minimize the child's delinquency as a means of avoiding payment of restitution either in part or in whole, the concept of notice becomes even more compelling. The record here is devoid of any indication to mother that she could present such evidence.

Accordingly, because the order here was entered without adequate notice or an opportunity to be heard, it cannot stand. *See People v. Johnson, supra; People v. Walters*, 796 P.2d 13 (Colo.App.1990). *See also* Annotation, *Jurisdiction or power of juvenile court to order parent of juvenile to make restitution for juvenile's offense*, 66 A.L.R.4th 985 (1988). Further, the cause must be remanded for a hearing and the entry of findings and a new order. *See People in Interest of A.R.M.*, 832 P.2d 1093 (Colo.App.1992).

■ Among issues that may arise on remand is mother's contention that, in the event she is ordered to pay restitution after a hearing, the total amount can be no more than $3,500. In arriving at this assertion, she relies on the language of § 19–2–703(4), quoted above, which states that the liability of a parent for any one delinquent act cannot exceed the damages permitted by § 13–21–107, C.R.S. (1987 Repl.Vol. 6A).

She also notes that § 13–21–107(2), C.R.S. (1987 Repl.Vol. 6A) provides:

Any person is entitled to recover damages in an amount not to exceed three thousand five hundred dollars in a court of competent jurisdiction from the parents of each minor under the age of eighteen years, living with such parents, who knowingly causes bodily injury to that person, including bodily injury occurring on property belonging to or used by a school district. *The recovery shall be the actual damages in an amount not to exceed three thousand five hundred dollars, in addition to court costs and reasonable attorney fees.* (emphasis added)

Mother interprets these statutory provisions as limiting a parent's restitution obligation to $3,500 per delinquent act. Since

J.L.R. pled guilty to only one delinquent act, *i.e.*, acts constituting accessory to first degree murder, mother argues that her restitution obligation cannot exceed $3,500. We disagree.

Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *Whimbush v. People*, 869 P.2d 1245 (Colo.1994). Each provision of a statute must be construed in harmony with the overall statutory scheme in order to accomplish the purpose for which the statute was enacted. *People v. Johnson*, 797 P.2d 1296 (Colo.1990). Statutory words and phrases should be given effect according to their plain and ordinary meaning, and the statute must be read and considered as a whole. *City of Lakewood v. Mavromatis*, 817 P.2d 90 (Colo.1991).

In interpreting a statute, we presume that the General Assembly intended just and reasonable results, and we must seek to avoid interpretations leading to absurd results. *People in Interest of A.R.M., supra.*

"The legislative intent underlying § 19–2–703(4) is that, 'wherever possible, restitution should be required.'" *People in Interest of T.R.*, 860 P.2d 559, 563 (Colo.App.1993). Restitution also serves society's interest by encouraging responsibility for the damage a juvenile has caused. *See People in Interest of A.R.M., supra.* Medical and burial expenses qualify for restitution. *See People in Interest of T.R., supra.*

Here, § 13–21–107 authorizes recovery by each person aggrieved in an amount not to exceed $3,500. Thus, if the proper proof is produced establishing an entitlement, the number of persons who may recover is unlimited.

The language of § 19–2–703, C.R.S. (1994 Cum.Supp.) authorizes the court to require the parent of the juvenile to make restitution. The "one delinquent act" limitation in that statute, when read in conjunction with the "any person" language in § 13–21–107 leads us to conclude that parental restitution payments cannot exceed $3,500 to each person entitled to restitution as a result of each delinquent act.

This interpretation harmonizes both statutes and furthers the societal interest favoring restitution in these delinquency cases.

The order is reversed, and the cause is remanded for a hearing and the entry of a new order.

CRISWELL and KAPELKE, JJ., concur.