The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Leo RICHARDS, Defendant–Appellant.

No. 99CA0576.

Colorado Court of Appeals, Div. IV.

Nov. 9, 2000.

Certiorari Denied May 29, 2001.

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000

**1224**

Ken Salazar, Attorney General, Dawn M. Weber, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Ann M. Roan, Deputy State Public Defender, Denver, CO, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Leo Richards, appeals the judgment of conviction entered upon a jury verdict finding him guilty of giving false information to a pawnbroker. Defendant also appeals the resulting sentence. We affirm the judgment of conviction, vacate the sentence, and remand for resentencing.

Defendant sold forty compact discs to a pawnbroker, falsely telling the pawnbroker that he had purchased them two and one-half years previously.

## I.

Defendant first argues that the prosecution failed to present sufficient proof with respect to each element set forth in the jury instruction defining the offense. We disagree.

Section 12–56–104(5), C.R.S.2000, provides that: "Any customer who knowingly gives false information [to a pawnbroker] with respect to the information required by section 12–56–103(1) commits a class five felony."

Section 12–56–103(1), C.R.S.2000, provides, in relevant part, that a pawnbroker shall record the following information regarding any "contract for purchase":

> The name, address, and date of birth of the customer, and his driver's license number or other identification number from any other form of identification which is allowed for the sale of valuable articles. . . .
> The pawnbroker shall also obtain a written declaration of the customer's ownership which shall state that the tangible personal property is totally owned by the customer, or shall have attached to such declaration a power of sale from the partial owner to the customer, how long the customer has owned the property, whether the customer or someone else found the property, *and*, if the property was found, the details of the finding. (emphasis added)

In accordance with the statute, the jury was instructed that the elements of giving false information to a pawnbroker included that the defendant:

3. entered into a contract for purchase with a pawnbroker, and
4. knowingly,
5. gave false information to the pawnbroker.

The jury was further instructed as follows: FALSE INFORMATION TO A PAWNBROKER means false information concerning the pawn customer's name, address, date of birth, ownership of the property, whether the property is totally owned by the customer, how long the customer has owned the property, whether the customer or someone else found the property, *and* if the property was found, the details of the finding. (emphasis added)

█ Focusing on the word "and" in § 12–56–103(1) and in the instruction quoted above, defendant contends that he could not be found guilty of the offense at issue unless the prosecution proved he gave false information with respect to *all* of the information required by § 12–56–103(1). From this premise, defendant further argues that the evidence in the record is insufficient because it shows that he provided the pawnbroker

with accurate information concerning his name, address, and date of birth. We reject this contention.

As an initial matter, we must determine the meaning of the prohibition in § 12–56–104(5) against knowingly giving "false information with respect to the information required by section 12–56–103(1)."

■ Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. Each provision of a statute must be construed in harmony with the overall statutory scheme in order to accomplish the purpose for which the statute was enacted. Statutes must be read and considered as a whole. In interpreting a statute, we presume that the General Assembly intended a just and reasonable result, and we must seek to avoid interpretations leading to absurd results. *People in Interest of J.L.R.*, 895 P.2d 1151 (Colo.App.1995).

Defendant would have us read § 12–56–104(5) as applying only to persons who pawn goods and knowingly provide false information with respect to "each and every" item required by § 12–56–103(1). We reject this interpretation for a number of reasons.

First and foremost, under defendant's interpretation, a person pawning goods belonging to another could escape prosecution simply by providing one accurate item of information. Such an absurd result is contrary to appropriate considerations of legislative intent. *See People v. Drake*, 983 P.2d 135 (Colo.App.1999) (statutory interpretation that leads to absurd result should not be followed).

Second, the statute and the elemental instruction state that criminal liability attaches when a defendant "knowingly gives false information to the pawnbroker." Neither specifies that all of the information must be false. Under these circumstances, we should not add that requirement. *See J.D.C. v. District Court*, 910 P.2d 684 (Colo.1996) (appellate courts should give effect to legislative intent and not impute their own meaning to otherwise clear statutory language).

Third, the word "and" used in the penultimate clause of the definitional instruction and the statute is not used in the conjunctive sense, mandating that all information must be false. Rather, the clause as a whole is phrased in the conditional sense, requiring that the seller provide details in the event that the customer or another person found the property.

The fact that the statute does not use the word "or" between each category of information is not determinative either. Although it is possible to read the statute and the supplemental instruction as enumerating a conjunctive list, a disjunctive reading is more consistent with both logic and common sense. The statute and the jury instruction are each divided into subsections that are disjunctive in the very nature of their construction. *See People v. Viduya*, 703 P.2d 1281 (Colo.1985) (fact that alternative ways for committing vehicular homicide are not joined in the statute by the disjunctive "or" is of no importance).

Hence, we conclude that the General Assembly intended to punish persons who knowingly provide false information with respect to *any* item of information required by § 12–56–103(1).

Accordingly, because there was ample proof establishing that defendant provided the pawnbroker with false information concerning his acquisition and ownership of the compact discs, we reject his claim that the evidence is insufficient to support his conviction.

### II.

■ Defendant next contends the third element of the instruction defining the offense was flawed because it did not require the jury to find that he acted "knowingly" when he "entered into a contract for purchase with a pawnbroker." We are not persuaded.

■ Since defendant did not object to the instruction on this ground in the trial court, we review his claim pursuant to a plain error standard. *Bogdanov v. People*, 941 P.2d 247 (Colo.1997).

For purposes of analysis, we will assume, as defendant contends, that § 12–56–104(5) requires proof that the defendant "knowingly" entered into a "contract for purchase"

with a pawnbroker. *See* § 18–1–503(4), C.R.S.2000 (mental state specified in statute is deemed to apply to every element of the offense unless an attempt to limit its application clearly appears).

█ Except in limited circumstances not likely to be present in a transaction involving the sale of property to a pawnbroker, one cannot enter into a contract unknowingly. *See Black's Law Dictionary* 318–326 (7th ed.1999)(mutuality of agreement is an essential component of a contract).

This concept was implicitly explained by the following definitional instruction drawn from § 12–56–101(1), C.R.S.2000, which was provided to the jury:

> CONTRACT FOR PURCHASE means a contract entered into between a pawnbroker and a customer pursuant to which money is advanced to the customer by the pawnbroker on the delivery of tangible personal property by the customer.

This instruction adequately conveyed the concept that defendant had to enter knowingly into a contract. Moreover, defense counsel did not even cross-examine the pawnbroker who testified that defendant had sold him the forty compact discs. Hence, we reject defendant's claim of plain error.

### III.

█ Finally, defendant asserts the trial court imposed an unlawful sentence of two years of community corrections followed by two years of mandatory parole. We agree and, therefore, vacate the sentence and remand for resentencing.

The transcript of the sentencing hearing indicates the court sentenced defendant to "two years Community Corrections followed by two years of mandatory parole." Although the mittimus reflects a two-year community corrections sentence, it does not reflect any mandatory parole period. Instead, it states: "[I]t is further ordered or recommended: 2 years probation."

Defendant contends the sentence first announced by the court is unlawful because a mandatory parole period cannot be attached to a direct sentence to community corrections. We agree that such a sentence is not authorized by statute and must be vacated. *See People v. Johnson*, 13 P.3d 309, (Colo. 2000); *Benavidez v. People*, 986 P.2d 943 (Colo.1999) (mandatory parole period inapplicable to a direct sentence to community corrections).

Although the People do not dispute that the sentence announced by the court was unlawful, they urge us to uphold the sentence as set forth in the mittimus. We acknowledge that there is authority for giving precedence to the sentence described in a mittimus when it conflicts with the sentence announced by the court. *See, e.g., People v. Anderson*, 649 P.2d 720 (Colo.App.1982). However, in this case the mittimus is unclear because it does not specify whether the period of probation is recommended or required. Accordingly, we conclude resentencing is required.

The judgment is affirmed, the sentence is vacated, and the cause is remanded for resentencing.

MARQUEZ and TAUBMAN, JJ., concur.