In the Interest of K.M.T., a Child, and Concerning Gregory S. Segura, Petitioner–Appellant,

and

Diane R. Thompson, Respondent–Appellee.

No. 00CA2163.

Colorado Court of Appeals, Division I.

Sept. 13, 2001.

Kane, Donley & Johnson, P.C., HayDen W. Kane, II, Colorado Springs, CO, for Petitioner–Appellant.

No Appearance for Respondent–Appellee.

Opinion by Judge DAVIDSON.

In this proceeding for parenting time, Gregory S. Segura appeals from an order awarding child support to Diane R. Thompson. We reverse and remand.

Father contends that the trial court erred in applying § 14–10–115(7)(d), C.R.S.2000, instead of § 14–10–115(7)(d.5), C.R.S.2000, in calculating his gross income for the purpose of child support. Father argues that his legal responsibility for the support of his other child, of whom he shared physical care with that child's mother, was greater than the amount of his court-ordered support, and that, therefore, he was entitled to a deduction pursuant to § 14–10–115(7)(d.5). We agree.

In cases of shared physical care, the basic child support obligation is apportioned between the parents in accordance with the amount of time the child spends with each. *In re Marriage of Quam*, 813 P.2d 833 (Colo. App.1991). Thus, a child support order in such a case reflects the *difference* between the amounts owed by the parents and not the paying parent's entire legal responsibility for support. Section 14–10–115(14)(b), C.R.S. 2000.

In calculating a parent's child support obligation, the amount of child support actually paid pursuant to a previous support order for other children must be deducted from the parent's gross income. Section 14–10–115(7)(d). Further, a parent who is "legally responsible" for the support of other children may receive a deduction for documented support payments, not to exceed the child support guidelines. Section 14–10–115(7)(d.5)(I), C.R.S.2000.

The *Colorado Child Support Commission Report* 10 (1990) states that the deduction for support of other dependents under § 14–10–115(7)(d) and (d.5) is "computed by deducting the amount of an order for support or, if there is no order, by computing the support from the guideline table." *In re Marriage of Eze*, 856 P.2d 75, 77 (Colo.App.1993). However, neither the report, the legislative history, nor the statutory provisions themselves address the precise situation presented here.

In construing a statute, the court must give effect to the intent of the General Assembly and adopt the construction that best effectuates the purposes of the statutory scheme. *M.S. v. People*, 812 P.2d 632 (Colo. 1991). To ascertain the intent of the General Assembly, the court must read the statute as a whole and construe it to give consistent, harmonious, and sensible effect to all of its parts. *In re Marriage of Goldin*, 923 P.2d 376 (Colo.App.1996). The court must also presume that the General Assembly intended a just and reasonable result and seek to avoid a construction that leads to an absurd result. *People in Interest of A.R.M.*, 832 P.2d 1093 (Colo.App.1992).

Section 14–10–115, read as a whole, indicates that the General Assembly intended that a parent who is legally responsible for the support of other children be given a deduction, within statutory guidelines, for child support actually paid, regardless whether an order for that support had been entered. Thus, when a prior child support order does not reflect the parent's full legal responsibility for support, we conclude that the parent is entitled to a deduction under § 14–10–115(7)(d.5), instead of under § 14–10–115(7)(d), in determining his or her gross income.

Here, the record reveals that father had shared physical care for another child and was subject to a child support order of $14.41 per month. Thus, it appears that the prior child support order did not reflect father's full legal responsibility for support, *see* § 14–10–115(14)(b), or the amount of support he actually paid. Accordingly, the trial court erred in applying § 14–10–115(7)(d) in calculating father's gross income.

The judgment is reversed, and the case is remanded to the trial court for reconsideration of child support in accordance with this opinion. In its recalculation, the court shall include a determination pursuant to § 14–10–115(14)(b) of father's share of the total child support obligation to the child of whom he shares physical care.

Judge METZGER and Judge ROY, concur.