The PEOPLE of the State of Colorado, Petitioner–Appellant,

v.

ARAPAHOE COUNTY COURT and The Honorable Alex R. Bencze, Respondents–Appellees,

and

Joseph J. Verbrugge, Intervenor–Appellee.

No. 02CA0060.

Colorado Court of Appeals, Div. II.

Jan. 30, 2003.

Rehearing Denied March 27, 2003.

Certiorari Denied Aug. 18, 2003.*

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2002.

* Justice COATS would grant as to the following issues:

Whether the court of appeals erred in concluding that duplication of sexually exploitive materials pursuant to Crim. P. 16 does not violate section 18-6-403, 6 C.R.S. (2002)?

Whether the statutory exception under section 18-6-403(3)(b.5) permitting court personnel to possess sexually exploitive materials encompasses defense counsel?

James J. Peters, District Attorney, William W. Hood, III, Chief Deputy District Attorney, Englewood, Colorado, for Petitioner–Appellant.

Ken Salazar, Attorney General, Gary R. Brown, Assistant Attorney General, Denver, Colorado, for Respondents–Appellees.

Springer and Steinberg, P.C., Harvey A. Steinberg, Stacey L. Ross, Denver, Colorado, for Intervenor–Appellee.

Opinion by Judge NEY.

The People appeal the order of the district court concluding that the county court did not abuse its discretion by requiring the district attorney's office to provide defense counsel with duplicates of photographs that form the basis of the criminal charge. We affirm.

The events underlying this appeal arose during discovery in a criminal prosecution, case no. 01CR1501, against defendant Joseph J. Verbrugge. Defendant is charged with 200 counts of sexual exploitation of a child, based upon his possession of certain photographs of his son. Pursuant to defendant's motion, the county court ordered the prosecution to provide duplicates of the photographs to defense counsel. The county court issued a protective order (1) prohibiting defense counsel from disseminating or copying the material or leaving it in defendant's possession and (2) requiring that at the conclusion of the case, the photographs be returned to the court for destruction.

Pursuant to C.R.C.P. 106(a)(4), the People filed this action in the district court alleging that the discovery order constituted an abuse of discretion in that it conflicts with § 18–6–403(3), C.R.S.2002. The district court concluded that the county court did not abuse its discretion, and the People now appeal.

To determine whether the county court abused its discretion, we must determine the scope of § 18–6–403(3), which reads:

> A person commits sexual exploitation of a child if, for any purpose, he or she knowingly:
>
> . . .
>
> (b) Prepares, arranges for, publishes, ... produces, promotes, makes, sells, finances, offers, exhibits, advertises, deals in, or distributes ... any sexually exploitative material; or
>
> (b.5) Possesses or controls any sexually exploitative material for any purpose; except that this paragraph (b.5) does not apply to peace officers or court personnel in the performance of their official duties
> . . . .

On its face, this statute is inapplicable to discovery in a criminal case. However, the People raise two arguments for its applicability. First, the People argue that that the ban on publishing explicit photographs of children in § 18–6–403(3)(b) should be read to prohibit the reproduction of the photographs for defense counsel's use. Second, the People argue that defense counsel cannot possess the photographs pursuant to § 18–6–403(3)(b.5). We disagree with both of these arguments.

In construing a statute, our primary task is to ascertain and give effect to the intent of the General Assembly. In doing so, we must harmonize each provision of a statute with the overall statutory scheme. Furthermore, we presume that the General Assembly intended a just and reasonable result, and we avoid interpretations leading to unjust or absurd results. *People v. Richards*, 23 P.3d 1223 (Colo.App.2000).

In contrast to the People's interpretation of § 18–6–403(3), Crim. P. 16(a)(1) requires the prosecution to provide, upon defendant's request, duplicates of any photographs held as evidence in connection with the case. The People concede that upon request, pursuant to Crim. P. 16(a)(1), photographs would normally be duplicated for defendant's use. However, the People contend that under § 18–6–403(3) they are prohibited from doing so.

However, the People's reading of § 18–6–403(3) would deprive defendant of the equal opportunity to examine the photographs under the same conditions as the prosecution and would frustrate the purposes of Crim. P. 16, which was designed to ensure a fair trial. *See Lanari v. People,* 827 P.2d 495, 499 (Colo.1992)("By permitting the prosecution and defense to obtain relevant information prior to trial, the rules also promote fairness in the criminal process by reducing the risk of trial by ambush."); *People v. Edgar,* 40 Colo.App. 377, 578 P.2d 666 (1978)(pretrial discovery rules aid accuracy and efficiency in the search for truth). In the words of the county court, the People's interpretation would "tilt the playing field to [the prosecution's] advantage."

Additionally, it should be noted that § 18–1–701, C.R.S.2002, provides full justification and exemption from criminal liability for actions taken under a judicial decree binding in Colorado. Here, because the county court required the prosecution to provide duplicates of the photographs to defense counsel, neither the district attorney nor defense counsel would be subject to criminal liability.

Thus, we reject the People's interpretation, and we conclude that, in light of the purposes of Crim. P. 16, § 18–6–403(3)(b) does not apply to the duplication of photographs by the prosecution for use by defense counsel in preparation for trial, when, as here, the county court has taken adequate precautions to limit their use.

The People also contend that Crim. P. 16 must yield to the statute in the event of a conflict between them. However, we need not reach this argument because we have found no conflict between § 18–6–403 and Crim. P. 16.

Additionally, based upon our holding here, we do not address the argument that the statutory exception in § 18–6–403(3)(b.5) for court personnel does not include defense counsel.

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

Accordingly, we conclude that the county court did not abuse its discretion.

The order is affirmed.

Judge MARQUEZ and Justice ERICKSON ** concur.